ANTON ANDERSON, APPELLEE, V. JOSEPH OHNOUTKA, APPELLANT.

FILED MAY 21, 1907.   No. 15,708.

1. Vendor and Purchaser: FAILURE OF TITLE: REMEDY. If a vendee in possession of real estate, because of his vendor's inability to convey a good title, sues to recover back partial payments made upon the contract and money expended for improvements made by him on said real estate, and for taxes paid, and does not allege nor prove that defendant is insolvent, nor claim any other equity sufficient to overcome the general rule, he is not entitled to an unconditional money judgment.

2. ———: ———: DAMAGES. In an action by a vendee for breach of a contract to sell real estate because defendant cannot convey a good title, if the former prevails, he is entitled to recover for all money paid by him, whether interest or principal, upon said contract, the money paid by him for taxes on the land, for the reasonable value of the improvements that he in good faith placed upon the premises, with interest from the date of each expenditure made by him as aforesaid, and also such a sum as will indemnify him for the loss of his bargain.

3. ———: ———: ———. In such an action plaintiff will not be permitted to recover for premiums paid to insure such property while he had possession thereof.

4. ———: ———: ———: SET-OFF. As against the aforesaid items of damage, the vendor is entitled to set off the reasonable rental value of the premises while held by plaintiff, with interest thereon from the close of each year's possession by the vendee.

APPEAL from the district court for Saunders county: BENJAMIN F. GOOD, JUDGE. *Reversed.*

*H. Gilkeson* and *Charles H. Slama,* for appellant.

*E. E. Placeck* and *John L. Sundean, contra.*

ROOT, J.

Action for damages because of defendant's alleged inability to convey good title to real estate in conformity with the terms of a contract between the parties hereto. Plaintiff prevailed, and defendant appeals.

Plaintiff alleges that at all times he has,been ready and willing to perform said contract, but that defendant cannot because of an outstanding interest in said premises. Plaintiff prays judgment for the loss of his bargain and for the money paid on said contract, with interest, and for money paid out for repairs, taxes and insurance. Dedendant admits that there is a possible outstanding dower interest in said property, but denies all other alleged infirmities in his title to said real estate, and alleges that plaintiff by virtue of said contract took, and still retains, possession of said lot, and has refused and still refuses to deliver possession thereof to defendant, although requested by him so to do, and that, if plaintiff is entitled to recover, then defendant counterclaims for the use and occupation of said premises. During the trial it was admitted that defendant's title was imperfect; that plaintiff had not paid anything on his contract since 1904, and was then in default in his payments, and that, preceding the commencement of this action, defendant had demanded that plaintiff surrender possession of said property, which he refused and still refuses to do.

1. Defendant objected to the introduction of any evidence because of the insufficiency of plaintiff's petition, and at the close of plaintiff's case moved that said petition be dismissed. The objection and motion were overruled. A jury was waived. The court found a balance due plaintiff and entered judgment therefor, but in no manner provided for the delivery of the possession of the premises to defendant. There is neither allegation nor proof that defendant is insolvent, nor that possession of the real estate is necessary to protect plaintiff in the collection of the balance justly due him from defendant on an accounting. As the case stands, plaintiff has judgment against defendant and possession of his lot. Plaintiff may issue execution and collect his judgment, and defendant must prosecute another action for the recovery of his property, which plaintiff will be enjoying rent free in the meantime. Defendant argues that *Nolde v. Gray,* 73 Neb. 373,

is decisive of this case. The cases may be distinguished. In the cited case plaintiff sued to recover partial payments and loss of profits, but retained possession of and claimed to own the land, whereas in the instant case plaintiff retains possession of, but does not claim to own, the real estate in controversy. In Nebraska there is but one form of action under the code. All distinctions between actions at law and suits in equity are abolished, and a litigant may receive whatever relief the admitted or established facts alleged in his pleadings entitle him to. We are not prepared to say that, upon proper allegations and proof of defendant's insolvency or of any other sufficient fact appealing to the conscience of the chancellor, the court ought not to permit plaintiff to remain in possession of the premises until fully paid the balance due him from his vendor, but we do not find anything in the pleadings or evidence for this possible departure from the reasoning in *Nolde v. Gray, supra.*

2. If this case should be retried and an accounting again taken, we are of opinion that defendant ought to be charged with all money received by him on said contract, whether as interest or principal, with 7 per cent. interest thereon from the date of each payment; also, with the money paid by plaintiff for taxes on the lot in controversy and for repairing the buildings or improving the premises, with a like allowance of interest. Defendant argues that he should only be charged for permanent improvements, but the proof establishes that only such repairs were made as a landlord would have been compelled to make to induce an ordinary tenant to rent the house, and in our judgment equity and good conscience demand that plaintiff should be reimbursed for those expenditures. The money paid for insurance was for plaintiff's sole benefit, and defendant ought not to pay therefor. The insurance did not preserve the property nor enhance its value to defendant. If the house had been destroyed by fire, plaintiff, and not defendant, would have received the insurance. On the other hand, plaintiff should pay rent during

his occupancy of the premises, with 7 per cent. annual interest on each year's rent from the close of that year. *Lancoure v. Dupre,* 53 Minn. 301. It is suggested that the use of the premises should be set off against that of the money. The argument might appeal to us if all of the purchase price had been paid at the time plaintiff took possession of the property, but it would not be just to permit the use of the partial payments to satisfy the rental of property worth more than their aggregate.

The judgment of the district court therefore is reversed and the cause remanded for further proceedings.

REVERSED.