THOMAS BEETEM ET AL., APPELLEES, V. GEORGE D. FOLLMER
ET AL., APPELLANTS.

FILED SEPTEMBER 26, 1910.    No. 16,132.

Vendor and Purchaser: BREACH OF CONTRACT: DAMAGES. In an
action by a vendee for breach of contract to sell real estate be-
cause the defendant cannot convey a good title, if the former
prevails, he is entitled to recover for all money paid by him,
whether interest or principal, upon said contract, the money paid
by him for taxes on the land, for the reasonable value of the
permanent improvements that he in good faith placed upon the
premises, with interest from the date of each expenditure made
by him as aforesaid, and also such sum as will indemnify him
for the loss of his bargain. As against the aforesaid items of
damage, the vendor is entitled to set off the reasonable rental
value of the premises while held by plaintiff, with interest
thereon from the close of each year's possession by the vendee.
*Anderson v. Ohnoutka*, 84 Neb. 517.

APPEAL from the district court for Nuckolls county:
LESLIE G. HURD, JUDGE. *Affirmed.*

*Cole & Brown* and *Charles H. Sloan,* for appellants.

*S. W. Christy* and *L. E. Cottle, contra.*

BARNES, J.

Action in the district court for Nuckolls county to re-
cover money paid the vendor on a contract for the sale of
real estate and damages for his failure to convey the land
to plaintiffs according to the terms of the agreement.
The plaintiffs had the verdict and judgment, and the de-
fendants have appealed.

It appears that the defendants were engaged in the real
estate business in Nuckolls county, Nebraska, and on the
1st day of August, 1906, they entered into a written con-
tract with the plaintiffs for the sale and purchase of a
160-acre farm situated in that county; that by the terms
of the contract the plaintiffs were to pay $8,500 for the
farm, $2,100 of which was paid in August and September

of that year, and plaintiffs thereupon went into possession. The remainder of the purchase price was to be paid or secured on the 1st day of March, 1907, at which time the defendants were to convey the land described in the contract to plaintiffs by good and sufficient warranty deed. It further appears that the farm was owned by one Hungerford, from whom the defendants expected to obtain the title in order to carry out their contract with the plaintiffs. For reasons which do not affect the questions involved in this action, defendants failed to obtain the title, and were unable to perform their part of the contract. The plaintiffs remained in possession of the premises and placed some lasting and permanent improvements thereon, but finally surrendered to the defendants some time before the 1st day of January, 1908, and thereupon commenced this action.

As to the foregoing facts there seems to be no serious dispute. At the trial plaintiffs introduced considerable competent evidence showing, or at least tending to show, that on the 1st day of March, 1907, when the land was to be conveyed to them, it was reasonably worth the sum of $9,600, and that their bargain, if the contract had been fully performed by the defendants, would have been worth to them about $1,100. It was fairly shown that the permanent improvements placed on the land by the plaintiffs were worth at least $60, and these items, with the payment of the $2,100, and interest thereon at 7 per cent. per annum, would amount to about $3,500. It was also shown that the rental value of the land while plaintiffs were in possession was at least $360. Some of these items and amounts were controverted by defendants, but we think they were fairly established by the evidence. With the testimony in the condition above stated, the court, among other things, instructed the jury as follows: "(5) If you find for the plaintiffs, the measure of plaintiffs' damages is the amount of money paid by the plaintiffs to the defendants, which is conceded to be $2,100, with interest at 7 per cent. from the time the payment was made to the

first day of this term of court, and such sum, if any, as you find the fair market value of the land to have increased from the date of making the contract to the date of the breach thereof, which was on the 2d day of March, 1907, and, third, the amount which you find the permanent improvements put upon the place by the plaintiffs increased the fair market value of the, place, not what they cost to the plaintiffs in work and material, but the increased value they lent to the place, which was returned by them to the defendants upon their surrender of the land; and from this sum you should subtract the rental value of the land—such sum as you find from the evidence was the rental justly due to the owner of the land."

Defendants complain of this instruction and contend that the plaintiffs were not entitled to recover both interest on the money paid on the contract and on the value of their bargain, or, in other words, the amount of the increase in the value of the premises from August 10, 1906, to March 2, 1907, when the breach of the contract occurred. At first blush it would seem that there was some merit in defendants' contention, but when we consider the fact that the plaintiffs were required to pay the defendants the rental value of the premises while they were in possession thereof, it would seem that the instruction was a correct statement of the law. Indeed, we are of opinion that this case should be ruled by *Anderson v. Ohnoutka,* 84 Neb. 517, where it was said: "In an action by a vendee for breach of a contract to sell real estate because defendant cannot convey a good title, if the former prevails, he is entitled to recover for all money paid by him, whether interest or principal, upon said contract, the money paid by him for taxes on the land, for the reasonable value of the improvements that he in good faith placed upon the premises, with interest from the date of each expenditure made by him as aforesaid, and also such a sum as will indemnify him for the loss of his bargain. * * * As against the aforesaid items of damage, the vendor is entitled to set off the reasonable rental value of the premises

while held by plaintiff, with interest thereon from the close of each year's possession by the vendee." This rule would seem to put the vendee as nearly as possible in the same position he would have been in had the vendor complied with the terms of his contract, and is the one which accords with justice and the great weight of authority in this country.

Our attention has been directed to *Nolde v. Gray,* 73 Neb. 373, and it is contended that the rule there stated should govern this case. In this we think counsel are mistaken. The facts there are not at all like those in the case at bar, and it therefore should not be considered as authority here.

It is also contended that the trial court erred by reinstating paragraph 6 in the plaintiffs' petition, that paragraph having been at one time stricken out as redundant and immaterial matter. If this ruling was error, it was certainly error without prejudice, and could have made no difference with the amount of the plaintiff's recovery.

Finally, it is contended that the district court erred in refusing to give the first instruction asked for by the defendants. In that instruction the court was requested to inform the jury, in substance, that the plaintiffs could not recover until a certain mortgage for $1,000, which was to have been given as a part of the purchase price, was negotiated. We find nothing in the contract or in the evidence that would warrant the giving of such an instruction. According to the terms of the contract plaintiffs were to give the defendants a mortgage for $1,000 on certain lots in the village of Douglas, Nebraska, but it is nowhere provided that they were to negotiate it, or guarantee its negotiation. It was shown that they executed the mortgage and were ready to deliver it according to the terms of the contract, and so far as we can ascertain from the record its negotiation was a matter which, if desired, was to be attended to by the defendants themselves.

Considering the amount of the verdict and judgment in this case, which was only $2,369.22, together with the evi-

dence contained in the bill of exceptions, which would warrant a recovery of a very much greater sum, we are of opinion that the defendants have no cause to complain of the result of the trial in the district court. Finding no reversible error in the record, the judgment of the district court is

AFFIRMED.