FRANK H. CUNNINGHAM, APPELLANT, v. THOMAS LAMB ET AL., APPELLEES.

FILED MAY 19, 1917. No. 19225.

1. **Vendor and Purchaser: BREACH OF CONTRACT: DAMAGES.** In an action for damages for breach of a contract to convey land, the recovery of the amount paid upon the contract is a proper element of damages.

2. **Judgment: BAR: BREACH OF CONTRACT: DAMAGES.** Where, in an action for specific performance of a contract to sell lands, the plaintiff has pleaded that the defendant had conveyed the land for a valuable consideration before the beginning of the action to

a person not a party to the suit, and, under a prayer for general equitable relief, the district court has allowed the plaintiff credit for the money paid upon the contract, to be applied on a sum found due defendant on other contracts involved in the action, and plaintiff has availed himself of such credit, he cannot afterwards maintain an action to recover further damages for the loss of his bargain.

APPEAL from the district court for Banner county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Burkett, Wilson & Brown,* for appellant.

*J. L. McIntosh, contra.*

LETTON, J.

Action to recover damages for breach of a contract to sell real estate.

The petition alleges that the defendant, Thomas Lamb, in October, 1909, was the equitable owner of a section of land in Kimball county, under a contract of purchase with the Union Pacific Railroad Company; that he entered into a contract with the plaintiff to sell him the land and assign the railroad contract; that the land at that time was of the reasonable market value of $8,000; that the amount he was to pay defendant and Union Pacific Railroad Company for the land made the total purchase price $3,038; that plaintiff duly performed the terms of the contract, but defendant, in disregard of the same, sold the land and assigned the contract to one Weeces in April, 1911, to plaintiff's damages in the sum of $4,962, for which sum he asks judgment.

The answer consists of a general denial, a plea of forfeiture of the contract, and a plea that a former action had been brought by plaintiff in Kimball county against John D. Lamb and Thomas Lamb, the defendant, for the specific performance of contracts to sell section 3, the section in controversy, with two other sections of land; that the court awarded specific performance as to the other two sections; and found as to the section involved here that, inasmuch as an innocent person had acquired the owner-

101 Neb.—19

ship of section 3 and had paid the defendants for the same, it would not be equitable to require specific performance as to that section, but that plaintiff should be entitled to credit for the amount of money he had paid defendant and had paid the Union Pacific Railroad Company on the contract, with interest, amounting in all to the sum of $602.-52; that this judgment is in full force and effect; and that, owing to plaintiff having accepted the credit of $602.-52, he is estopped from now claiming a greater amount as damages for the breach of contract. The cause was tried by the court without the intervention of a jury. The district court found that the judgment in the Kimball county case was *res judicata* of the rights of the parties; that plaintiff is estopped from now claiming further damages, and dismissed the action. Plaintiff appeals.

The only question presented by this appeal is whether the judgment in the former action is a bar to this suit. The plaintiff knew at the time of beginning the action for specific performance that the defendant had already assigned, transferred, and delivered the land contract and his interest in the land—presumably in good faith, since fraud or bad faith is not alleged—to Weeces, who had paid value for it. He so alleged in his petition. He thus asked for something at the hands of the court which he was not entitled to receive and which the court had no power to grant, since Weeces was not a party to the suit. The only object in making these allegations must have been to obtain damages, since no other relief could be granted as to this cause of action. He no doubt thought that the general prayer in his petition was broad enough to allow such a recovery. Whether, in such an action, under such allegations and such a prayer, the district court sitting as a court of equity should try the question of damages, it is unnecessary to decide. The question is not free from doubt. If a plaintiff knows when he begins his suit that he has no case for equitable relief, can he deprive his adversary of a jury trial by praying for such relief? An interesting discussion on this point may be

found in 36 Cyc. 747, 750. Since the same court now administers both law and equity, a jury might be called to ascertain damages.

The district court evidently considered that under the prayer for general equitable relief it had the power to award damages for the breach of contract. Unless it so considered, it could not have awarded any relief as to section three.

Courts differ as to the measure of damages in case of a failure to perform a contract for the sale of real estate. Some courts hold that the measure is the consideration money paid with interest; others, the value of the land at the time of the breach, or, what is the same thing, the return of the consideration money paid and the difference between its amount and the value of the land when the conveyance should have been made. 39 Cyc. 2106-2114; *Combs v. Scott,* 76 Wis. 662, and cases cited in the opinion; *Beck v. Staats,* 80 Neb. 482. The latter is the rule in this state. In an action for damages for breach of a contract to convey land, the plaintiff is entitled to recover all money paid by him on the contract as well as for his loss of his bargain. *Anderson v. Ohnoutka,* 84 Neb. 517; *Beetem v. Follmer,* 87 Neb. 514.

In granting relief under this prayer, the plaintiff probably did not receive all the damages to which he was entitled. He received nothing for the loss of his bargain. Even if the court had been mistaken in considering that the general prayer for equitable relief, in a case where the pleading showed no equitable relief could be had, warranted the ascertainment and award of damages in such an action, the plaintiff made no complaint, accepted the benefits of this holding, and took advantage of the damages allowed as a credit on the amount he was required to pay as a condition to the conveyance of the other contracts. He cannot split his cause of action by receiving a part of his damages in one case and then beginning a new action to recover those not then awarded him. He was concluded by the judgment as to the amount of such dam-

ages and cannot relitigate the question. The principles announced in the leading case of *Cromwell v. Sac County,* 94 U. S. 351, and the other cases cited by appellant, are sound and have been followed by this court, but the facts in this case are such that these principles are not applicable.

The judgment of the district court is therefore

AFFIRMED.