ARTHUR M. HOUSEHOLDER, APPELLEE, V. PETER E. NISPEL
ET AL., APPELLANTS.

FILED NOVEMBER 16, 1923. No. 22585.

1.. Contracts: BREACH: LIABILITY. A party to a contract cannot
wilfully and in bad faith disable himself from complying with
any condition thereof, nor fraudulently prevent performance
by the opposite party of any of its conditions, and thereby de-
rive any benefit or escape any liability.

2. Vendor and Purchaser: BREACH OF CONTRACT: MEASURE OF
DAMAGES. In an action by a vendee against the vendor for
breach of a contract of sale of land, the measure of recovery
is the difference between the contract price and the market value
of the land at the time of the breach, plus any amount the ven-
dee may have paid on the purchase price.

APPEAL from the district court for Webster county:
LEWIS H. BLACKLEDGE, JUDGE. *Affirmed.*

*Bernard McNeny, James S. Gilham* and *Stiner & Bos-
laugh,* for appellants.

*F. J. Munday, contra.*

Heard before LETTON, ROSE and GOOD, JJ., SHEPHERD,
District Judge.

GOOD, J.

This is an action by a vendee to recover damages for a
breach of contract for the sale of land. Plaintiff had the
verdict and judgment thereon, and defendants have ap-
pealed.

On October 6, 1917, plaintiff and defendants entered
into a written contract, by the terms of which defendants
sold and agreed to convey to plaintiff, on or before March
1, 1918, the west half of section 9, township 14, range 44,
in Deuel county, Nebraska, for a consideration of $28,000.
At the making of the contract plaintiff paid $4,000 of the
purchase price and agreed to pay $12,000 on March 1, 1918,
and to then secure the remainder by a mortgage upon the
land. At the time of the making of the contract defendants
did not own the land and plaintiff was so informed. The

land, in fact, was owned by Ritchie and Townsend, but plaintiff had no knowledge of the names or residence of the owners. The following clause was inserted in the contract: "It is further agreed that this sale is made subject to approval of owner." On October 17, 1917, the defendants entered into a contract with one Rhodes, whereby they sold and agreed to convey to him 800 acres of land in Deuel county, which included the land they had previously sold to plaintiff. On October 22, 1917, defendants entered into a contract with Ritchie and Townsend, whereby the former purchased from the latter the 800 acres of land which they had contracted to sell to Rhodes. On or about the 1st of November, 1917, the defendants sent a check to plaintiff for $4,000, which he received and cashed. Prior to March 1, 1918, title to the land in question was conveyed to said Rhodes.

Plaintiff in his petition sets forth the foregoing facts and alleges that defendants, by the contract entered into, impliedly agreed to use their best efforts to induce the owners of the land to approve the contract of sale to plaintiff, but that defendants never presented said contract of sale to the owners of the land, nor informed them thereof; that, for the purpose of inducing plaintiff to accept a return of the $4,000 which he had paid, defendants falsely and fraudulently represented to him that they were unable to procure the approval of the contract by the owners of the land; that said owners had sold it to other parties, so that the contract could not become binding; that, relying upon such representations, he accepted the return of the $4,000 previously paid, and did not tender further compliance with the terms of the contract because he did not discover the fraud practiced upon him until "towards the spring of 1919;" that because of the fraud practiced plaintiff's assent to the abandonment of the contract was not binding upon him. He claims damages for the loss of his bargain in the sum of $6,400.

The defendants admit the making of the contract, the payment of $4,000 by plaintiff and the return thereof to

plaintiff, and deny all the other allegations of the petition, and for affirmative defenses they allege that on the 6th of October, 1917, defendants were authorized to sell all of section 9, and the northeast quarter of section 8, in township 14, range 44, but were not authorized to sell any less quantity than the whole of the 800-acre tract; that at that time negotiations were pending between defendants and the owners, whereby they were expecting to acquire title to said 800 acres of land by trading in therefor, as part payment, a 320-acre tract of land owned by them; that Ritchie and Townsend, the owners of said 800-acre tract, were not willing to trade unless a purchaser could be found for the half section of land which defendants desired to exchange as a part of the purchase price; that the owners of the 800-acre tract had a prospective purchaser for said 320-acre tract; that at the time of the making of the contract with plaintiff all of these facts were made known to him, and the clause in the contract, "This sale is made subject to approval of owner," was understood and agreed and intended by the parties to refer to the negotiations between defendants and the owners of the land for the purchase thereof by defendants. They allege that they put forth every effort possible to complete the purchase of the 800-acre tract under the negotiations pending between them and the owners thereof, but were unable to do so, and that by reason thereof the contract never became operative or effective. For a second defense, defendants allege that on the 11th of October, 1918, an accord and satisfaction was entered into between plaintiff and defendants for the release of all claims on the part of the plaintiff against the defendants, including the claim for damages by reason of the alleged breach of the contract, by virtue of which agreement they paid to plaintiff the sum of $200, which he accepted in full payment and release of all claims against the defendants. The reply admits the receipt of $200 in October, 1918, but alleges that it was in settlement of other matters, and did not refer to plaintiff's claim for damages for breach of the contract, and denies all the other allegations of the answer.

The jury returned a verdict for plaintiff in the sum of $2,400.

Defendants' first assignment of error is that the petition does not state a cause of action. They argue that the contract was a conditional one, depending upon the will of a third party, the owner of the land, whose assent to the contract of sale was never obtained; that before the time had arrived for the performance of the contract there had been a mutual rescission thereof; that plaintiff cannot base a cause of action upon the ground that the rescission was procured by fraud, without first returning that which was procured by virtue of the rescission and a tender of performance of the original contract on the part of the plaintiff. We do not think this contention is sound.

The rule is well settled that a party to a contract cannot take advantage of his own act of omission to escape liability thereon, and, where he procures a breach of the contract, he can neither recover damages for nonperformance by the adverse party or interpose the breach as a defense to an action upon the contract. The principle has been well expressed by Justice Brewer in the leading case of *Dill v. Pope*, 29 Kan. 289, in the following language: "A party to a contract who prevents the performance of any condition can neither claim benefit nor escape liability from the failure of such condition. * * * The rule is clear and well settled, and founded in absolute justice, that no party to a contract can either prevent performance by another of any of its conditions, or, on the other hand, disable himself from complying with any condition, and derive any benefit or escape any liability thereby." Other authorities announcing the same principle are *Case v. Beyer*, 142 Wis. 496; *Thatcher v. Darr*, 27 Wyo. 452; *Teachenor v. Tibbals*, 31 Utah, 10; *Marvin v. Rogers*, 53 Tex. Civ. App. 423; *Wolf v. Marsh*, 54 Cal. 228; 13 C. J. 647, sec. 721.

The petition sufficiently sets forth that defendants failed and neglected to present the contract to Ritchie and Townsend, the owners of the land, for their approval, and that, without their knowledge of such contract, defendants

procured a conveyance to themselves by the owners, thus putting it out of the power of the then owners of the land to approve the contract, and when defendants had acquired the right to a conveyance of the land to themselves, there was no longer any condition in the contract to be performed. They had agreed to convey, subject to the approval of the owner, and when they became the owners their agreement to convey became absolute. True, they afterwards procured a rescission or abandonment of the contract; but, according to the allegations of the petition, this was done by their own fraud, which fraud was not discovered by plaintiff until long after the time for performance. The defendants could not, by their own fraud, acquire any right, nor avoid any liability they had previously incurred; nor can they now urge that the plaintiff, in order to recover, must first tender back the $4,000 and tender performance of the original contract, for the reason that defendants had made performance of the contract impossible. It would have been a vain and useless thing for plaintiff to have returned the $4,000 and tender performance of his contract after he had discovered the fraud. Had he repaid the $4,000 to the defendants and tendered the $12,000 and offered to execute a mortgage, it would not have availed anything, because it was then out of the power of the defendants, by their own act, to fulfill the terms of their contract with plaintiff. If the $4,000 had been returned again to the defendants, plaintiff would have been entitled to recover $4,000 more than he would otherwise have been entitled to. The law does not require the doing of a vain and useless act.

In *Jones v. Walker*, 13 B. Mon. (Ky.) 163, the rule is stated in this language: "He who himself prevents the happening or performance of a condition precedent, upon which his liability, by the terms of the contract, is made to depend, cannot avail himself * * * of a nonperformance." And again in *Williams v. Bank of the United States*, 27 U. S. *96, it is said: "If a party to a contract, who is entitled to the benefit of a condition, upon the performance of which his

Householder v. Nispel.

responsibility is to arise, dispense with, or by any act of his own prevent, the performance, the opposite party is excused from proving a strict compliance with the condition."

By the allegations of the petition, it appears that defendants, by their own wrongful conduct, placed themselves in a position where they could not perform the contract on their part, and also, by their wrongful conduct, prevented the plaintiff from performing the conditions upon his part to be observed. The allegations of the petition are sufficient to entitle plaintiff to relief.

It is next contended that the verdict is not sustained by the evidence. We have examined the record with care and think that every material allegation in the petition has ample evidence in the record to support it. It is true that the evidence on the part of defendants tends to sustain the allegations of the defenses, as set forth in their answer, but on both the affirmative defenses pleaded by defendants the evidence is in conflict, and the verdict of the jury upon those questions is conclusive.

Defendants complain of instruction No. 2. The instruction recites a number of salient facts which are not disputed and so informs the jury. It then points out the material allegations of the petition which plaintiff must prove before he can recover, and informs the jury that, if any of these material allegations have not been established by the greater weight of the evidence, they must find for the defendants. It then sets forth the two affirmative defenses, alleged by defendants, and informs the jury that, if either of these defenses is sustained by the weight of the evidence, plaintiff cannot recover. Defendants criticize the instruction because it does not set out other admitted facts in the record, but we do not find that defendants were in any wise prejudiced, or could have been prejudiced, by the failure to set forth all of the admitted facts, nor could it have injured them because attention was called to certain facts that were uncontroverted in the testimony. We find no error in the instruction, either prejudicial or otherwise.

Defendants also complain that instruction No. 3 does not give the correct rule for the measure of damages in an action upon an abandoned conditional contract, but they do not point out any error in the instruction. It inform; the jury that if they found for plaintiff the measure of his recovery would be the difference between the contract price and the market value of the land at the time of the breach of the contract. This is a correct statement of the rule applicable to the case.

We find no prejudicial error in the record. The judgment of the district court is

AFFIRMED.