MARJORIE H. BAKER, APPELLEE, v. GERTRUDE L. SOMERVILLE ET AL., APPELLANTS: ERNA MAE BRADLEY ET AL., INTERVENERS, APPELLEES.

293 N. W. 326

FILED JULY 19, 1940. No. 30821.

*Votava & McGroarty* and *Eugene F. Fitzgerald,* for appellants.

*Brome & Thomas* and *Harold A. Moore, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

ROSE, J.

This is a suit in equity commenced by Marjorie H. Baker, plaintiff, for an injunction preventing Gertrude L. Somerville, Robert S. Somerville and Emil Holmstrom, defendants, from proceeding further in the construction of a partially erected dwelling-house on lot 3, block 77, Dundee Place, in the city of Omaha, on the ground that the building planned fails to conform to zoning ordinances in respect to what is called the "setback" from streets, to two-story houses and to floor space of 2,000 square feet in a one-story house, thus depreciating the value of plaintiff's home and of other homes in an exclusive residential district. The Somervilles are owners of the land on which the partially constructed dwelling-house is situated and Holmstrom is their building contractor. Plaintiff owns an abutting lot with a residence thereon. Other home owners in the restricted district intervened and joined plaintiff in a prayer for an injunction.

Defendants denied they violated any valid zoning ordinance applicable to the dwelling-house they attempted to construct on their lot and put in issue other facts upon which plaintiff and interveners rely for injunctive relief.

The district court found all the controverted issues in favor of plaintiff and interveners and granted the injunction sought by them. Defendants appealed.

Was the injunction which prevents the Somervilles from proceeding with the construction of their partially built home properly granted? This is the sum of the questions presented by the appeal.

If the Somervilles complete their house on their own lot according to their own plans, it will be a one-story, five-room brick veneer building facing Happy Hollow boulevard on a corner lot at the intersection with Cuming street. The structure, as nearly as possible, is in the center of the lot. The garage is part of the house on the north—Cuming street side. The building is approximately 65 feet long north and south and 36 feet wide east and west. Exclusive of the garage the floor area is 1,470 square feet and 1,730

square feet including the garage—more floor space than is ordinarily found in a one-story dwelling-house. The price paid for the lot was $2,400 and the contract price for construction of the building was approximately $10,000, of which $5,000 had been paid to the contractor when this suit was commenced. The foregoing facts are established by the evidence. The record contains a picture of the house and grounds as they will appear, if the work of construction is completed according to the plans. The picture indicates an attractive home. There was no attempt to prove an architectural monstrosity or offensive structure.

The head of the city building department, with the plans of the Somerville home before him, issued the official permit for the construction of the building as planned. Partial construction conformed to the plans, with the single exception that a foot was added to the width of the garage. After complaints relating to the building in connection with the lot reached the building department of the city of Omaha, an inspector visited the premises when the work of the contractor indicated the outlines and location of the building and told the contractor to complete it as planned. These facts are shown by a preponderance of the evidence.

The objections to the building were directed principally to a one-story house among two-story residences, to set-backs from streets and to limitation of floor space less than 2,000 square feet, all in asserted violation of zoning ordinances. Plaintiff and interveners testified that the Somerville dwelling-house, if completed as planned, would depreciate the value of their own residences, by reason of one or more of the objectional features mentioned.

Plaintiff proved deed restrictions in the title of the Somervilles as follows: Occupancy for residence purposes only; dwelling-house not closer than 45 feet from either Cuming street or Happy Hollow boulevard; two full stories required; cost at least $10,000. These restrictions expired by the terms of the deed imposing them at the end of a 15-year period, or on April 8, 1939. The petition in this case was not filed until May 6, 1939. Violation of the deed restric-

tions, therefore, are no justification for the injunction. granted herein.

In this situation plaintiff and interveners resorted for equitable relief to a city zoning ordinance requiring the floor space of a one-story residence to contain 2,000 square feet. This provision was extended by a subsequent change in the ordinance to the lot of the Somervilles after they bought it, procured their building permit and invested $5,600 in the building of their home. They acquired vested rights by contract and by expenditure of money before the city extended this regulation to their property. It is well-settled law that an ordinance cannot operate retroactively to deprive them of their previously vested rights. *Kerwin v. Thompson, Belden & Co.*, 110 Neb. 251, 192 N. W. 692; *Travelers Ins. Co. v. Ohler*, 119 Neb. 121, 227 N. W. 449. In the latter case this rule was adopted:

"A legislative act will not be permitted, even if an attempt so to do is disclosed, to operate retrospectively where it will have the effect to invalidate or impair the obligation of contracts or interfere with vested rights."

The supreme court of Iowa held:

"A building permit issued upon full showing of the nature and character of the building to be erected and the use to be made thereof, the plans of which are approved by the proper officers, cannot be revoked by the municipal authorities merely because of protest and opposition by the owners of neighboring property." *Rehmann v. City of Des Moines,* 40 A. L. R. 922 (200 Ia. 286, 204 N. W. 267).

This is in harmony with the weight of authority. See note in 40 A. L. R. 928 *et seq.* Failure to comply with the ordinance requiring a floor space of 2,000 square feet in the one-story home is not, therefore, a ground for the injunction.

Plaintiff and interveners contend the injunction was properly granted on the ground that defendants violated the zoning ordinance requiring setbacks of 45 feet from street lines. On the other side it is insisted that this question is not open to controversy herein for the reason it was

previously determined in a former suit in equity involving the same relief, the same subject-matter and the same parties and interveners. In the former suit an injunction was sought to prevent defendants from proceeding with the construction of their home according to their plans on the ground they were violating a 45-foot setback restriction imposed by deed, but relief under the same restriction of the zoning ordinance then in force was not invoked. Upon a trial of the former suit defendants were enjoined from proceeding further with the construction of their partially erected home until the expiration of the 15-year deed restriction on April 8, 1939. Thereafter the work of construction proceeded with resulting expense. The present suit was commenced May 6, 1939, for a second injunction for violation of the same setback requirement. The second injunction was granted with all the former parties present in court. The rule of equity applicable to this situation has been repeated time and again. One statement of the rule follows:

"A judgment on the merits constitutes an absolute bar to a subsequent action founded upon the same claim or demand, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but also as to any other admissible matter which might have been offered for that purpose." *Triska v. Miller*, 86 Neb. 503, 125 N. W. 1070. See, also, *Schlemme v. Omaha Gas Mfg. Co.*, 4 Neb. (Unof.) 817, 96 N. W. 644; *Slater v. Skirving*, 51 Neb. 108, 70 N. W. 493; *Cunningham v. Lamb*, 101 Neb. 288, 163 N. W. 149; *School District D v. School District No. 80*, 112 Neb. 867, 201 N. W. 964; *Dutch v. Welpton*, 121 Neb. 480, 237 N. W. 579; 34 C. J. 818.

The zoning ordinance requiring a floor area of 2,000 square feet, if the building is only one story in height, is, in that particular, condemned by the Somervilles as an unconstitutional invasion of their property rights, creating no basis for the injunction. The evidence shows that it was a purpose of the restrictions to prevent the construction of

a·one-story dwelling-house in this zoning district where the other homes were two stories high. The restriction to prevent construction of one-story homes resulted alone from æsthetic standards of the city lawmakers. Beautiful city residences, homologous lines in architecture and symmetry in construction appeal to artistic tastes and should be respected in connection with substantial zoning regulations for the promotion of the public welfare, but æsthetics alone for the purpose of zoning ordinances do not seem to be a source of police power, according to the weight of authority. The New York Court of Appeals said:

"Aesthetic considerations are, fortunately, not wholly without weight in a practical world. Perhaps such considerations need not be disregarded in the formulation of regulations to promote the public welfare. *Matter of Larkin Co. v. Schwab,* 242 N. Y. 330. 'Public welfare' is a concept which in recent years has been widened to include many matters which in other times were regarded as outside the limits of governmental concern. As yet, at least, no judicial definition has been formulated which is wide enough to include purely æsthetic considerations." *Dowsey v. Village of Kensington,* 257 N. Y. 221, 177 N. E. 427.

The supreme court of New Jersey, as recently as January 15, 1940, ruled as follows:

"Although legislature, under the zoning act, has given municipalities the right to pass ordinances to regulate and restrict the height, number of stories, and sizes of buildings, such ordinances, to be valid, must bear a substantial relation to and be designed to promote the public health, safety, morals, and general welfare. * * *

"An ordinance providing that no building should be erected with its roof ridge less than 26 feet above building foundation in a certain residential zone did not promote public health, safety, and general welfare, and hence ordinance was invalid." *Brookdale Homes, Inc. v. Johnson,* 10 Atl. (2d) 477 (123 N. J. Law, 602).

These rulings conform to the great weight of authority. It follows that the zoning ordinance under consideration,

in so far as it purports to prevent defendants from constructing on the Somerville lot a one-story home containing a floor area less than 2,000 square feet, on the sole basis of æsthetic standards, does not promote public health, safety, morals or the general welfare, and is therefore void. The entire record has been examined without finding any sufficient ground for the injunction granted. The judgment of the district court is reversed and the petition of the plaintiff and the petition of interveners dismissed at the costs of petitioners.

REVERSED AND DISMISSED.