## American Veterans Housing Coöperative, Inc., v. Zoning Board of Adjustment

*Edward McKean Hawes*, for appellant.

*David E. Groshens*, for zoning board of adjustment.

KNIGHT, P. J., December 12, 1949.—Appellant is a coöperative association, composed of honorably discharged veterans.

In 1947 appellant purchased a tract of 216 acres of land, in Abington Township, for the purpose of subdividing and building individual homes for its members.

Before purchasing the land, appellant investigated the zoning ordinance then in effect, in order to ascertain if the type of house it proposed to build, would comply with the restrictions and requirements of the ordinance for dwellings in the district in which the land was located. Finding that the project they planned complied with the conditions of the zoning ordinance of the township, appellant purchased the land for the price of approximately $1,000 per acre.

From the start, the project encountered the opposition of nearby property owners, and a group of them filed a bill in equity, on April 7, 1948, to restrain the commissioners from approving a plan of subdivision of a portion of the association's land.

The preliminary injunction granted on this bill, was dissolved on April 12, 1948.

On May 5, 1948, the board of commissioners formally disapproved of the subdivision plan.

Appellant then appealed to the court of quarter sessions of this county, which reversed the action of the board of commissioners, and directed the approval of the plan.

On April 6, 1948, the board of commissioners adopted a new ordinance, relating to the filing of subdivision plans. This ordinance provided that no building permit could be issued for the construction of a building in a subdivision until the plan of the subdivision had been approved and a bond entered insuring the completion of the streets, sidewalks, etc., on the site.

On July 28, 1948, appellant was informed by the township that the required bond should be in the amount of $165,000.

In the meantime, on July 15, 1948, the board of commissioners adopted an amendment to the zoning ordinance, which provided a sliding scale of minimum floor area in the different zones of the township.

Under the terms of the amended ordinance, it was impossible for appellant to build the type of houses which it had planned and represented to its members would be built on its subdivision. This in turn, made it impossible for the association to secure the bond to guarantee the street improvements.

Appellant then applied for a building permit to build one house on a part of its land, fronting on an open public highway, and therefore not subject to the restrictions applying to the proposed subdivision.

The building inspector of the township refused the permit because the plans showed the proposed house to have a floor area 908 square feet, while the minimum floor area in zone V, in which appellant's land is situate, is 1,400 square feet.

Appellant then appealed to the Board of Adjustment of Abington Township, which affirmed the action of the building inspector.

From this decision of the board, appellant filed an appeal to this court. A hearing was had before a judge of this court, and inasmuch as no questions of fact were raised, he ordered the case on the argument list, so that it could be considered by the court en banc.

The case has been argued, and is now before us for decision.

The evidence taken at the hearing discloses that appellant expended approximately $14,000 in preparing plans for the proposed houses and subdivisions, including in that amount approximately $7,000 for salaries and overhead during the time the plans were in preparation, and the litigation was pending in these courts. Appellant contends that the expenditure of this amount in reliance upon the zoning regulations then in effect, gave it a vested right which cannot be disturbed by the amendment passed on July 15, 1948. The case before us involves a single house, the construction of which was not hampered or delayed by the litigation involv-

ing the subdivision plan, and it is obvious that the $14,000 expended by appellant could not apply to the plans, etc., for this one house, therefore, much of the argument in favor of a vested right is not relevant to this case. Admittedly, the application for a permit for the one house, was a trial balloon, filed for the purpose of bringing the issues involved before the court, so we will express some views on the alleged vested right of appellant.

The right of the board of township commissioners to amend, within statutory and constitutional limitations, its zoning ordinance, is without question. When, however, a property owner has in good faith, expended money, incurred liabilities and obtained a building permit, relying upon the existing terms and conditions of a zoning ordinance, he acquires a vested right, and is entitled to protection against a subsequently enacted amendment: Herskovits v. Irwin, 299 Pa. 155; Lower Merion Twp. v. Frankel, 358 Pa. 430.

Just how far a property owner must proceed before he can claim the protection accorded a vested right, is a question not free from doubt, and in our opinion depends upon the circumstances of individual cases. Whatever is done must be done in good faith: it may not be done in an attempt to ante-date a proposed ordinance. In the present case, the good faith of appellant cannot well be questioned. In this case appellant did not attempt to beat the ordinance, but the commissioners, by adopting the amendment, sought to forestall appellant.

The amount of work done, obligations incurred or money expended, must be substantial in relation to the proposed project. There must be more than a gesture toward building: more than a token of expenditure or obligation. In the present case, appellant has expended the sum of $14,000 in preparing the plans for the houses and land, and in overhead incident thereto. In

addition, it has 183 members, for whom it intends to construct houses costing around $9,000. To accomplish this purpose, it has bought and paid for 44 acres of land, at a cost of approximately $44,000, and it has an option on 174 more acres.

We hold that these expenditures made in reliance upon the zoning as it existed before the passage of the amendment were substantial.

In the cases above cited, and in others, there was a building permit issued, or a building permit issued and work done, before the amendment to the ordinance was passed. In this case, no building permit was issued, and counsel for the board of adjustment argues that this distinguishes the above-mentioned cases from that at bar.

We do not think the absence of a building permit is a controlling factor in this case. Appellant would have had a building permit were it not for the legal obstacles the board of commissioners continually placed in its way. We think the true criterion is the good faith of appellant, and the expenditure of money or the assumption of obligations in reliance upon the zoning ordinance existing before the passage of the amendment.

We are of the opinion that appellant has obtained vested rights to build its proposed houses, which cannot be set aside by the amendment of July 15, 1948. What we have said however, is little more than dicta as applied to this case.

The second question raised is whether the amendment of the zoning ordinance exceeds the powers conferred upon the township by The First Class Township Law of June 24, 1931, P. L. 1206, sec. 3101, authorizing townships of the first class to enact zoning ordinances. The section provides these ordinances may be enacted:

"For the purpose of promoting health, safety, morals, or the general welfare of townships, the boards of township commissioners are hereby empowered to regulate and restrict the height, number of stories, and size of buildings and other structures, and percentage of lot that may be occupied, the size of yards, courts, and other open spaces, the density of population and the location and use of building, structures, and land for trade, industry, residence, or other purpose; and may also establish and maintain building lines and set back building lines upon any or all public streets, roads, highways, lanes and alleys."

Appellant contends that the amendment of July 15, 1948, establishing a sliding scale of habitable floor areas in dwelling units in different zoning districts, has no substantial relation to the public health, safety, morals and general welfare, and it therefore exceeds the powers granted under the Act of 1931, supra.

In the often cited case of White's Appeal, 287 Pa. 259 (1926), it is said, at page 266:

"There is one matter that is quite certain, the power to thus regulate does not extend to an arbitrary, unnecessary or unreasonable intermeddling with the private ownership of property, even though such acts be labeled for the preservation of health, safety and general welfare. The exercise must have a substantial relation to the public good within the spheres held proper. It must not be from an arbitrary desire to resist the natural operation of economic laws or for purely aesthetic considerations."

An examination of any zoning ordinance will disclose that the legislative authority has divided the area in which the zoning law operates into various districts, and has prescribed the use that land may be put to in the various districts. Restrictions may be imposed that may vary in the different districts, such as the minimum size of building lots, set back of buildings

from streets or property lines, portion of the lot that may be covered by the building, and many other regulations. So long as these restrictions and regulations have a substantial relation to the public health, safety, morals, and general welfare, they are upheld by the courts.

Our question then is, whether the amendment in question has any substantial relation to the public good?

There seems to be no doubt that the township could require a minimum of habitable floor area in all dwellings in the township, so long as it is reasonable, but can the township declare that a dwelling in one district must have a certain minimum habitable floor area, and in another district a lesser or greater minimum.

The industry of counsel on both sides, and our own research, has failed to disclose one reported case in Pennsylvania where this question has been decided or discussed by any court.

The Supreme Court of the State of Michigan has, however, considered the question. In the case of Senefsky v. Huntington Woods, 307 Mich. 728, 12 N. W. (2d) 387 (1943), a divided court held that an ordinance providing that dwellings in a particular zone must have a minimum of 1,300 square feet of usable floor area, was unreasonable and void, as applied to plaintiff's proposed dwelling house; that the restriction had no reasonable relation under the circumstances to the public health, safety and welfare, and the fact that the restriction was to protect and preserve property values, was insufficient to sustain its validity.

Three years later (1946), in the case of Frischkorn Construction Company v. Township Building Inspector, 315 Mich. 556, 24 N. W. (2d) 209, the same court held that a zoning ordinance requiring that single dwellings constructed in a certain zone contain at

least 14,000 cubic feet, could not be enforced against an owner desiring to construct houses containing only 12,657 cubic feet, where the purpose of the provision was to maintain property values, and did not promote the public health, safety and welfare.

In both of the above cases, the court pointed out that questions arising under the zoning ordinances, in relation to the promotion of public health, safety and welfare, must be determined in each case, on the basis of the facts involved.

In 1947, in the case of Elizabeth Lake Estates et al. v. Waterford Twp., 317 Mich. 359, 26 N. W. (2d) 788, the question again came before the Supreme Court of Michigan. In that case, plaintiff, Lake Estates, owned 694 lots in Residence Zone 1 of defendant township, and 569 in Residence Zone 2.

The zoning ordinance provided that in Residence Zone 1, the dwellings should not have less than 500 square feet of floor area per family, and a cubic content of not less than 10,000 cubic feet. In Zone 2 the minimum floor area was fixed at 700 square feet, and the cubic content at 15,000 cubic feet.

The court held the restriction invalid. In the syllabus (26 N. W. (2d) 788) it is said:

"Where purpose of township zoning ordinance and its enforcement was to conserve property values in immediate neighborhood and enforcement of ordinance would not . . . promote . . . health, safety, and general welfare, ordinance was invalid as unreasonable."

It is interesting to note that this decision applied to all of the lots of the Lake Estates and was by a unanimous court.

In Brookdale Homes, Inc., v. Johnson, 123 N. J. L. 602, 10 A. (2d) 477, affirmed by the Supreme Court of New Jersey, 126 N. J. L. 516, 19 A. (2d) 868 (1941), the court held:

"Although legislature, under the zoning act, has given municipalities the right to pass ordinances to regulate and restrict the height, number of stories, and sizes of buildings, such ordinances, to be valid, must bear a substantial relation to and be designed to promote the public health, safety, morals, and general welfare. . . .

"An ordinance providing that no buildings should be erected with its roof ridge less than 26 feet above building foundation in a certain residential zone did not promote public health, safety, and general welfare, and hence ordinance was invalid." (Syllabus, 10 A. (2d)).

In Baker v. Somerville et al., 138 Neb. 466, 293 N. W. 326 (1940), the Supreme Court of Nebraska held that an ordinance requiring a building to have at least 2,000 square feet of floor area did not promote public health, safety, morals or the general welfare, and was therefore void.

In City of West Palm Beach et al. v. Duffey, 30 So. (2d) 491 (1947), the Supreme Court of Florida held that a zoning ordinance requiring completed appearance of every new building or structure in a subdivision to substantially equal that of adjacent buildings in appearance, square foot area and height, was void for uncertainty.

It is rather difficult to see how a house containing 908 square feet of habitable floor area can promote the public health, safety and welfare of a T Residence District where it is permitted by the ordinance, and detract from the public welfare in a V district where 1,400 feet is the minimum.

The township commissioners may legislate on the floor area of rooms, for this has a direct relationship to public health, but could they say that the minimum floor area of a room in one district must be greater

than the minimum floor area in another district. We think not.

There is not a scintilla of evidence in this record that a house containing 908 square feet of habitable floor area is prejudicial to the public health, morals or safety. As we view it, the amendment has no substantial relation to the public health, safety or general welfare. The floor area of a house has a direct relation to the size of the house, the greater the floor area the larger the house, and the size of a house in the average case, determines its cost. The larger the house, the greater its cost.

When the background and history of this amendment is considered, it appears as a thinly disguised attempt to regulate the cost of houses in a V Residence District, and thus make it impossible for appellant to go forward with its proposed operation. It is an attempt to segregate economic classes, and this we believe cannot be accomplished by zoning.

In Brookdale Homes, Inc., v. Johnson, supra, the Supreme Court of New Jersey, approved this language of the lower court, found in 123 N. J. L. at page 606:

"No person under the zoning power can legally be deprived of his right to build a home on his land merely because the cost of that house is less than the cost of his neighbor's house."

At the hearing before this court, counsel for the board of adjustment argued that it was one of the purposes of zoning to stabilize and preserve property values, and that this was a reason for passing the amendment.

The Supreme Court of Michigan in Senefsky v. Huntington Woods, supra, answered this argument in the following manner:

". . . preservation or enhancing of the value of other property in a given zone may be an incident but cannot be the moving factor. . . ." (Syllabus.)

After full consideration, we are of the opinion that the amendment of July 15, 1948, establishing a sliding scale of habitable floor space for dwelling houses in the different districts of Abington Township, is invalid, for the reasons above stated.

And now, December 12, 1949, the decision of the Board of Adjustment of Abington Township, refusing the application of appellant for a building permit, is reversed, and

It is ordered and directed that a building permit be issued by the Building Inspector of the Township, to the American Veterans Housing Coöperative, Inc., to erect the house described in appeal no. 295 before the Board of Adjustment of Abington Township, provided the application conforms to the zoning and building laws of Abington Township in all respects except the habitable floor area provided for in the amendment of July 15, 1948.