CLYDE OMAN, APPELLEE, V. CITY OF WAYNE ET AL.,
APPELLEES, ALLEN C. STOLTENBERG, APPELLANT.
40 N. W. 2d 916

Filed February 3, 1950.   No. 32718.

*Siman & Olds,* for appellant.

*William A. Crossland,* and *Ginsburg & Ginsburg,* for appellee Clyde Oman.

*H. D. Addison,* for appellee City of Wayne.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This appeal presents questions as to the amount of recovery for breach of a contract to convey real estate. Defendant appeals from the judgment of the trial court. Plaintiff cross-appeals. We reverse the judgment and remand the cause with directions.

This action had its inception in and is a part of the case that resulted in our decision in Oman v. City of Wayne, 149 Neb. 303, 30 N. W. 2d 921. We refer herein to that decision as the City of Wayne case. In that decision we set out the background of the matters that now are presented here for determination.

The parties here involved are Clyde Oman, plaintiff, and Allen C. Stoltenberg, defendant.

Certain facts are undisputed. On September 21, 1942, plaintiff and defendant entered into a written agreement whereby plaintiff agreed to sell to defendant the property here involved for $2,500, of which $1,250 was paid at the time of the execution of the contract. The balance was to be paid November 21, 1942, and the deed was to be delivered when the final payment was made. The time of performance was not fixed otherwise.

Defendant went into possession and has since remained in possession. Plaintiff agreed to furnish defendant an abstract showing merchantable title by October 1, 1942. Time was made an essential element of the contract. It also provided that should either party fail to perform, the defaulting party should pay the other $1,250 as damages for nonfulfillment. Neither party required a compliance with the contract at the times specified.

On October 28, 1942, defendant paid plaintiff $1,000.

Sometime prior to March 17, 1943, the abstract reached the defendant for on that date defendant's attorney furnished him with an opinion pointing out, among other

things, the status of the title with reference to the tax foreclosure proceedings. The matter was then the subject of a number of conferences between defendant, and plaintiff and his attorney. Neither party demanded immediate performance nor declared a breach of the contract. Plaintiff agreed to try to perfect the title. Defendant did not resist, and concurred in, the resulting delay in full performance.

On November 28, 1944, plaintiff brought the action against the City of Wayne et al. Defendant was joined as a party. In his petition plaintiff alleged that he had contracted to sell the property to defendant for $2,500; that defendant had paid thereon $2,250, "balance to be paid when title to said premises is accepted and approved"; that defendant had entered into possession, had made improvements, and had an equity in or lien upon the premises; that plaintiff intended to and would perform all the terms and provisions of the contract; and that plaintiff did not seek any relief adverse to defendant.

On May 14, 1946, defendant filed an answer and cross-petition. He there admitted the allegations of plaintiff's petition above set out. Among other things he alleged the factual situation with reference to the contract. He alleged that notwithstanding plaintiff's inability to transfer good title at the time stipulated, he had made the payment of $1,000 on October 28, 1942, to be applied on the purchase price, and that when it was found by an examination of the abstract that plaintiff could not convey a merchantable title, it was stipulated and agreed that reasonable time should be had in which to perfect title to the end that plaintiff could convey in accord with the terms of the contract so modified. He alleged that he had paid taxes for 1942 and all subsequent taxes, and that he had at all times been ready, willing, and able to perform. Defendant tendered the balance of the purchase money. He further alleged that three and one-half years was a reasonable time for plaintiff to perfect his title and perform, and that he, defendant was entitled to

performance. He alleged the then value of the real estate to be $5,000. He prayed for specific performance or, in the alternative, for damages in the amount of $2,500, together with $2,250 previously paid on the purchase price, and reimbursement for taxes paid and repairs made.

On May 15, 1946, plaintiff in his reply denied generally, and alleged the contract, the payments, that defendant had been in possession, and that the reasonable rental value was $30 a month. He prayed for a marshalling of liens and for other relief.

The cause went to trial resulting in the decree of October 22, 1946, and the appeal to this court. In the decree the court found generally for the defendant and that he was entitled to specific performance "if plaintiff can convey merchantable title" and, in the alternative, to damages in the event plaintiff could not or did not perform. The court decreed that upon plaintiff's acquiring title in accordance with the decree, plaintiff should be required to specifically perform the contract and deliver a warranty deed at the time of payment by the defendant of the balance of the purchase money, and that "jurisdiction be retained for the purpose of compelling specific performance of said contract, or, in the alternative for allowing damages in the event of failure of such performance for any reason * * *."

In the opinion in the City of Wayne case we said: "As to the cross-petitioner, it was decreed that he was entitled to specific performance or damages and jurisdiction was retained for the purpose of ascertaining and granting the appropriate relief." We further stated that our judgment dismissing plaintiff's petition "does not disturb the decree of the trial court as to the cross-petition of the defendant Stoltenberg."

Our mandate in the City of Wayne case issued June 3, 1948. On June 26, 1948, judgment was entered in the trial court on the mandate dismissing plaintiff's petition without disturbing the decree as to the cross-

petition, and as to that the cause was continued for further hearing.

On August 12, 1948, by leave of court, defendant filed his amended answer and cross-petition. His admissions and allegations were substantially the same as in his former pleadings. He stated his willingness to perform. He alleged the proceedings and decrees herein summarized; that plaintiff had at all times elected to endeavor to perform and not to treat the contract as breached prior to June 26, 1948; that as a result of the proceedings plaintiff was unable to perform; and that the value of the property was then $8,000. He offered to account for the reasonable rental value of the premises. He prayed for damages in the amount of $5,500, for the further amount of $2,250, with interest, representing the amount paid on the contract, reimbursement for taxes paid and repairs made, and for equitable relief.

For answer plaintiff denied generally and admitted the execution of the contract, the payments made, and that he had agreed to execute a good and sufficient warranty deed upon the payment of the balance of the purchase price. He alleged that all sums paid for taxes after March 17, 1943 (the date of the opinion on the title) were voluntarily made with notice of the defects in the title; that defendant was aware of the facts as to the title on November 1, 1942; and that his right of action, if any, came into existence then. He alleged defendant's possession of the premises and the reasonable rental value, and that the payments should be applied to rents. He prayed for the difference.

Trial was had. The court, by judgment entered May 26, 1949, held that the contract was breached on October 28, 1942; that the reasonable value of the premises was then $2,500; that the taxes had been paid voluntarily with knowledge of the defects in title and the payments had not accrued to the benefit of the plaintiff; and that defendant had affirmed the contract and had not sought to place plaintiff in status quo but re-

tained possession. The court found that defendant was entitled to recover the amounts paid on the contract with interest, and that plaintiff was entitled to recover the reasonable rental value. The court set off rent against payments and gave defendant judgment for $81.30.

Motion for new trial was made and overruled.

Defendant's assignments of error here are that the judgment is contrary to the evidence and the law; that the court erred in holding that the contract was breached on October 28, 1942; that the court erred in not finding that all matters with reference to the contract prior to June 26, 1948, other than the amount of damages, had been adjudicated by the decree of October 22, 1946; that the court erred in denying reimbursement for taxes paid; that the court erred in determining that the defendant was chargeable with rental values; that the court erred in determining that the defendant was not entitled to damages for loss of bargain as of June 26, 1948; and that the court erred in holding that the placing of plaintiff in status quo was a condition precedent for loss-of-bargain recovery.

The action is one in equity and is here for trial de novo.

This phase of the litigation is an action for specific performance or, in the alternative, one for damages. There is no dispute that specific performance cannot now be had. The rule for the recovery of damages is: "In an action by a vendee for breach of a contract to sell real estate because defendant cannot convey a good title, if the former prevails, he is entitled to recover for all money paid by him, whether interest or principal, upon said contract, the money paid by him for taxes on the land, for the reasonable value of the improvements that he in good faith placed upon the premises, with interest from the date of each expenditure made by him as aforesaid, and also such a sum as will indemnify him for the loss of his bargain." Anderson v. Ohnoutka, 84 Neb. 517, 121 N. W. 577. See, also, Beetem

v. Follmer, 87 Neb. 514, 127 N. W. 858.

The market value at the time of the breach is the controlling value. Householder v. Nispel, 111 Neb. 156, 195 N. W. 932.

"As against the aforesaid items of damage, the vendor is entitled to set off the reasonable rental value of the premises while held by plaintiff, with interest thereon from the close of each year's possession by the vendee." Beetem v. Follmer, *supra*.

There is no dispute here that defendant is. entitled to recover the amounts paid on the purchase price in the sum of $2,250, with interest from the dates of payment.

There is no evidence that defendant made improvements or repairs, so we need not consider those items.

. The crucial question here is what amount, if any, de-. fendant is entitled to for loss of his bargain. Neither party here contends that the stipulated-damages provision controls. The answer to that question turns upon a determination of the date that shall be taken as the one upon which the value of the premises is to be determined, and the value of the premises upon that date as against the contract price.

It is established that as of the date of the contract in 1942, and for at least the years 1943, 1944, and 1945, the market value of the premises was the same as the contract price, so that if the date falls in that period, defendant is not entitled to any recovery for loss of bargain. There is some evidence that by 1946, the value had increased to $3,000. Both parties offered evidence as to the value in June 1948. Defendant offered an expert witness who fixed the value at $7,000. Plaintiff offered expert witnesses who fixed the value at $4,500. The evidence indicates that the opinion of plaintiff's witnesses was a conservative one. Nevertheless we would have to speculate as to any increase in that amount. We find the value of the premises to be $4,500 as of June 1948.

One party to a contract cannot declare a forfeiture

for failure of the other party to strictly perform its conditions, unless he is in position to perform on his part. Cadwell v. Smith, 83 Neb. 567, 120 N. W. 130.

"Where both parties to a contract fail to perform their mutual covenants on the day named," they will be held to have waived its strict performance as to time, but the contract will remain unimpaired as to its effect." Cadwell v. Smith, *supra*. "A clause in a contract making time of the essence thereof may be waived by the subsequent acts of the parties. * * * Where acts' to be performed by parties to a contract are mutual and dependent, and are to be performed concurrently, one party must at least be able and willing to perform at time of performance, in order to enable him to declare a default on account of nonperformance by the other." Lang v. Todd, 148 Neb. 726, 28 N. W. 2d 434. " 'A covenant by a purchaser to pay, and by the vendor to convey a good title, both to be performed at the same time, are mutually dependent, * * *.' " Klapka v. Shrauger, 135 Neb. 354, 281 N. W. 612.

By the contract defendant was to have paid the balance of the purchase price on November 21, 1942, the deed to be delivered when the payment was made. Neither party undertook to perform nor to require performance on that date. Plaintiff was not then or thereafter able to perform.

Defendant remained in possession and paid taxes. Plaintiff sought ways to perfect his title. The parties conferred. Both were agreeable to a delay in performance. Plaintiff filed his petition two years after the date when payment was to have been made and the deed delivered. He then alleged that final payment was to be made when the title was accepted and approved, and that he intended to and would perform the terms and provisions of the contract. Defendant by answer filed almost two years later admitted that contractual situation and prayed for specific performance or, in the alternative, for damages. Clearly both parties

waived strict performance. The contract obviously was recognized by both parties as an existing binding obligation and subject to performance when the action went to trial in 1946. The trial court recognized that situation when it decreed that plaintiff should either specifically perform or, in the alternative, defendant be allowed damages, and retained jurisdiction to grant the one or, in the alternative, the other. That part of the decree was an interlocutory order retaining jurisdiction pending the final determination as to whether or not plaintiff secured, as a result of the litigation, a merchantable title to convey. It does not appear that either party sought to secure a hearing on the reserved issue pending the appeal. The parties, as well as the court, recognized that the contract was an existing one awaiting performance pending the outcome of the appeal in the City of Wayne case.

Defendant remained in possession and paid taxes for two years during that period. Plaintiff was called as a witness in the hearing involved here. He testified that during all this time he had intended to complete the contract and until the decision of this court in the City of Wayne case when he knew that he could not. In June 1948, the parties for the first time recognized that the contract was breached by the inability of plaintiff to give title. That date must then be accepted as the date upon which values are to be determined for fixing the measure of defendant's damages for loss of bargain. Accordingly we find that defendant is entitled to a judgment for $2,000 for loss of bargain.

It is established by the evidence that defendant paid the taxes on the premises yearly from 1942 to 1947. There is no dispute as to the amounts or dates of payment. Although plaintiff by his pleadings denied defendant's right to recover the amounts paid for taxes and the trial court denied an allowance therefor, no controlling reason is advanced here for that denial. Defendant

is entitled to recover the amount of taxes paid with interest from the dates of payment.

This brings us to the question of the amount to which plaintiff is entitled for reasonable rental value.

Although defendant assigns as error the finding that he was chargeable with the rental value of the premises, it is apparent, from his statement of the questions involved, that it is his position that if he is to be denied the recovery of taxes paid, he should not be charged with the rental value of the premises. As has been pointed out, by his cross-petition herein defendant offered to account for the reasonable value of the rental of said premises from September 21, 1942, and prayed, among other things, for a recovery of taxes. By his answer brief herein defendant states that at all times he has offered to account for the reasonable rental value of the premises.

Defendant offered no evidence as to rental value. On cross-examination defendant's expert witness fixed the rental value for 1948 at $55 to $60 a month, he being the same witness who fixed the market value of the premises at $7,000. One of plaintiff's expert witnesses fixed the rental value at $25 a month for 1942, 1943, and 1944; $30 a month for 1945; $35 a month for 1946; and $45 a month for 1947, 1948, and 1949. Another expert for plaintiff fixed the rental value at $25 a month for 1942 and 1943; $30 a month for 1944; $35 a month for 1945 and 1946; and $40 a month for 1947, 1948, and 1949. The trial court accepted the value as fixed by the first of these two witnesses for plaintiff. We accept that finding. Accordingly we hold that plaintiff is entitled to set off, as against the items awarded defendant, the rentals calculated on the basis as found by the trial court beginning September 21, 1942, with interest thereon from the close of each year's possession by the defendant.

The evidence does not show the rental value beyond 1949. The showing for that year is accepted for 1950 as the evidence indicates a leveling off of the increase prior to that time. However, if this finding is not acceptable

to the parties, the trial court shall grant the right to the parties to offer evidence as to, and shall determine, the value for June 1949 and following until the entry of a final judgment herein.

This brings us to plaintiff's cross-appeal. Plaintiff contends that he was entitled to possession on the date of the decree and that the trial court should have made provision for the reasonable value of the possession retained by the defendant. For the reasons stated in Anderson v. Ohnoutka, *supra,* the court should have required the defendant to surrender possession of the premises.

This situation can be remedied by directing the entry of a judgment in the trial court instead of entering one here. Accordingly the judgment of the trial court is reversed and the cause remanded with directions to enter judgment in accord with this opinion. For the defendant against the plaintiff there shall be allowed the following: $2,250 with interest thereon from the dates of payment to the date of the decree to be so entered; the amounts paid for taxes for the years 1942 to 1947, with interest thereon from the dates of payment to the date of the decree to be so entered; and $2,000 for loss of his bargain. As against the aforesaid items there shall be set off in favor of the plaintiff and against the defendant the reasonable rental value of the premises as found herein down to and including the date of the decree to be entered, calculating rents for 1949 and 1950 at the rate of $45 a month. This last item, however, is subject to the right of the parties, if they so desire, to prove a rental value for the period from June 1949 to the date of the decree. The trial court should in said judgment require the defendant to surrender possession of the premises.

REVERSED AND REMANDED WITH DIRECTIONS.