TAXPAYERS' LEAGUE OF WAYNE COUNTY: C. H. HENDRICKSON, APPELLANT, v. DONALD S. WIGHTMAN ET AL., APPELLEES.

296 N. W. 886

FILED MARCH 14, 1941. No. 30914.

*C. H. Hendrickson, pro se.*

*H. E. Siman* and *H. D. Addison, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, MESSMORE and YEAGER, JJ., and ELDRED, District Judge.

ELDRED, District Judge.

Originally the Taxpayers' League of Wayne county, Nebraska, and the appellant, C. H. Hendrickson, filed a joint petition in the district court for Wayne county, alleging

that action was brought on behalf of all other persons similarly situated who care to join in the petition. Donald S. Wightman and Edith Wightman were at first the only defendants. Some preliminary motions and demurrers were acted upon by the trial court and by ruling on the last demurrer it was held that the petition, in its then form, did not state facts sufficient to constitute a cause of action in favor of either plaintiff. The Taxpayers' League does not file, or join in, any further pleadings filed in this case, although its name is still carried as a party plaintiff. No final judgment appears to have been entered as to said Taxpayers' League.

On March 23, 1939, an amended petition was filed by C. H. Hendrickson, plaintiff, v. Donald S. Wightman, Edith Wightman, Walter S. Bressler, Hazel Bressler, and the city of Wayne, defendants. Plaintiff, C. H. Hendrickson, as a resident and taxpayer of the city of Wayne, is seeking to have a sheriff's deed issued to defendant Walter S. Bressler for three lots in said city, as the result of a tax foreclosure proceeding, and also a quitclaim deed executed by Walter S. Bressler and Hazel Bressler, his wife, to Donald S. Wightman, canceled; and that the city of Wayne be decreed the owner of said property, and for equitable relief. All defendants answered and, after a few admissions of formal allegations, deny generally all allegations of said amended petition, and plead that the property was sold for fair and reasonable value. No specific affirmative relief is asked by any of the defendants, but defendant Wightman asked for dismissal of plaintiff's amended petition and for general equitable relief. October 17, 1939, decree was entered denying prayer of petition and quieting title to property involved in the defendant Donald S. Wightman, as against the city of Wayne. Plaintiff, C. H. Hendrickson, has appealed.

On October 31, 1931, the city of Wayne brought an action in the district court for Wayne county to foreclose a tax lien on lots 1, 2, and 3, in block 6, in Crawford & Brown's Addition to Wayne, Nebraska, making Alfred H. Lewis,

the fee owner, Margaret Lewis, his wife, and one Alice V. Lewis, also the holder of a tax lien, parties defendant. The claim of the city of Wayne was based on an alleged purchase by it of said real estate on June 25, 1931, at private tax sale for delinquent paving tax instalments one to ten, inclusive, in paving districts No. 3 and No. 4 of said city, aggregating $2,495.21. A cross-petition was filed by Alice V. Lewis for foreclosure of a tax sale certificate issued to her on October 13, 1930, on a public tax sale of said premises for delinquent taxes for the year 1928, amounting to. $75.68, and for subsequent taxes for the years 1929, $65.25, and 1930, $64.64, being general taxes assessed and levied on said property for state, county, school district and municipal purposes. March 18, 1932, decree was entered in favor of Alice V. Lewis for $235.72, with 12 per cent. interest from said date, which was adjudged to be a first lien on said premises, and in favor of the plaintiff, 'the city of Wayne, for the sum of $2,713.76, with 12 per cent. interest from said date, which was adjudged to be a second lien thereon. September 9, 1936, an order of sale was issued commanding the sheriff to sell said real estate to satisfy the amount on both of said liens. Sheriff's return shows he sold property on October 19, 1936, to defendant Walter S. Bressler for the sum of $4,600. No money was paid by bidder or any one else on said bid. September 27, 1938, sale was confirmed and deed ordered issued. Decree of confirmation does not show any money received and no order was made for disbursement of proceeds of sale. September 30, 1938, the sheriff of said county issued to said Walter S. Bressler a sheriff's deed for said premises, reciting sale to Walter S. Bressler for $4,600. There is no contention made by any party to this proceeding that the $4,600, or any part of it, was ever paid. Defendant Walter S. Bressler, at the time of the transactions involved herein, was the city clerk of the defendant city of Wayne, and he made the bid and took the sheriff's deed to the real estate as trustee for and on behalf of the city of Wayne, though proceedings do not recite that he was trustee for city. Dur-

ing the times mentioned, defendant Donald S. Wightman and wife were residing in Wayne, knew the said Walter S. Bressler was city clerk; that he made the bid for the property as trustee for the city of Wayne; and defendant Wightman had knowledge of that fact when he entered into an agreement for the purchase of the property.

It appears that the agreement through which Donald S. Wightman was to secure said premises from said Walter S. Bressler or said city was that he should pay $1,500 and receive title free and clear of all encumbrance, except subsequent paving tax instalments. Wightman commenced negotiations with the mayor for said property on July 10, 1938, and after he had agreed on the price he undertook getting of quitclaim deeds from Alice Lewis Durnin and husband and Alfred H. Lewis and wife.

In payment of the consideration of $1,500 defendant Wightman gave one check for $100 and one for $1,034.75. He paid Alice Lewis Durnin, formerly Alice V. Lewis, who held the first lien in the tax foreclosure, for a quitclaim deed from herself and husband, executed on September 19, 1938, the sum of $319.21, and paid Alfred H. Lewis for a quitclaim deed from himself and wife, executed on the 19th day of September, 1938, the sum of $40. Defendant Wightman claims he was out about $200 additional on account of expense in securing these quitclaim deeds. All these transactions appear to have been had prior to the time the sheriff's sale was confirmed and sheriff's deed issued.

The checks given by the defendant Wightman, aggregating $1,134.75, as part payment of the purchase price, were delivered to city by the defendant Bressler, and the defendant Bressler and wife on the 5th day of October, 1938, executed and delivered to the defendant Wightman a quitclaim deed for said property. The city of Wayne on October 6, 1938, paid taxes on said property with the Donald S. Wightman checks as follows: Instalments of paving taxes Nos. 11, 12, 13, and 14, $861.96, and general taxes for the years 1933, 1934, 1935, 1936 and 1937, $271.20. Later, on October

31, 1939, three additional instalments of taxes on said property in paving districts Nos. 3 and 4 were paid by city warrant in sum of $492.66, making a total of taxes paid by the city on property $1,625.82. The aggregate of the Wightman checks and the city warrant amounted to $1.59 in excess of the taxes paid, which sum appears to have been refunded for some reason.

It thus appears that out of the $1,500 Wightman agreed to pay for the property, he secured a deed from the lienholder holding first lien of $235.72 and interest, and also a quitclaim deed from the owner of the equity for the sum of $40, and the balance has been applied to the payment of general and paving taxes subsequent to the lien of the city for paving instalments numbered one to ten, inclusive, for which the city was given a second lien by the decree of foreclosure. No money has been received or paid by or to any one on said second lien for paving taxes in tax foreclosure case.

Appellant has made ten assignments of error. Assignments Nos. 1 and 2 allege error in the holding that the Taxpayers' League had no capacity to sue, and in the alleged dismissal of the case as to the said Taxpayers' League; but the record does not disclose that case was dismissed as to said League, and it does not appeal. Appellant Hendrickson may not successfully assign error in ruling only affecting a party who has not appealed.

Assignment No. 3 alleges error in the court requiring Walter S. Bressler and wife and the city of Wayne to be made parties defendant. Under the facts in this case as reflected by the record, they were at least proper parties and the ruling of the court was not prejudicial.

By another assignment, error is urged on account of the trial court considering evidence of its opinion as to the value of the premises based on view thereof. Section 20-1108, Comp. St. 1929, authorizes view of premises by a jury where, in the opinion of the court, it is proper for the jury to have a view of the property involved; and the rule is that a jury may take into consideration the result of their

observation of the premises involved in the case and consider the same in connection with all the other evidence submitted to them on the trial in arriving at their verdict. While the statute does not specifically provide that judges may have a like privilege of examining the property, there is no logical reason why the same privilege should not be granted to a trial judge or judges in any case where a view would have been warranted had the case been tried before a jury. Such action on the part of the trial court in this instance was not error.

All other assignments relate to alleged errors in the findings of the trial court under the evidence, and in the court's conclusions of law as applied to the facts, and will be considered together.

On the opening of the trial defendants objected to the taking of evidence for the reason that the amended petition did not state facts sufficient to constitute a cause of action. No demurrer was filed to the amended petition. The amended petition, therefore, should receive a liberal construction. It is urged by plaintiff that the sheriff's deed was absolutely void for want of any consideration; and that the deed from Bressler to Wightman conveyed no title because the city was the real owner of any title secured by Bressler and its interest could only be conveyed after published notice of intended sale. Comp. St. Supp. 1939, sec. 17-401. The making of bid for the property in the name of the city clerk was doubtless an effort to circumvent the provisions of said section 17-401 relating to sales of real estate owned by such a city. Whether such result could be so accomplished under circumstances here shown is not necessary to a decision of this case, as Wightman does not claim to have purchased the property from Bressler, but claims his dealing to have been had with the mayor and council of the city. While it is claimed by appellant that this is a case of fraud, actual or intentional fraud has not been specifically charged. However, if the facts pleaded and proved are sufficient to constitute constructive fraud, that is sufficient.

In fairness to parties handling the tax foreclosure involved herein, it may be proper to here suggest that this case appears to be one of many instituted in that and other counties in this state with the hope that parties interested might find some way of clearing the title to property burdened with excessive tax liens which the owner could not or would not pay, and placing the property again on a tax-paying basis. On the trial there appears to have been no effort to avoid a showing of the true facts. There is but little dispute in the evidence as to the facts involved; the dispute being mostly as to the conclusions to be drawn therefrom.

Appellees in their brief state there is "only one question before the court, and that is the question of the validity of the deed from Bressler to Wightman, and the secondary proposition, of the right of the plaintiff to maintain this action in any event." We cannot subscribe to this view. The validity of the sale and the sheriff's deed issued under the tax foreclosure proceeding is a vital issue. As to the plaintiff appellant's right to maintain action, the evidence shows that the plaintiff is a resident and taxpayer of the defendant city. He alleges that the city refuses to join as plaintiff and for that reason is made a party defendant. While our attention has not been directed to any evidence as to a specific refusal of the city to join as plaintiff, the fact that it has appeared and answered and is resisting plaintiff's case is sufficient to show such refusal. A demand would have been an idle ceremony. *Ryan v. Olson,* 183 Wis. 290, 197 N. W. 727. A resident taxpayer can maintain such an action without showing any interest peculiar to himself. *Woodruff v. Welton,* 70 Neb. 665, 97 N. W. 1037; *Fischer v. Marsh,* 113 Neb. 153, 202 N. W. 422. While the action of the city in the instant case may not technically be the expending of public funds, yet the acts complained of, if upheld, would have the effect of canceling the lien of the city for the instalments of paving taxes awarded by the decree in the tax foreclosure case in the sum of $2,713.76, and interest, without any consideration therefor whatever.

The proceedings cannot be justified on the theory that the city had the benefit of $1,134.75 which was paid by Wightman to Bressler and by Bressler to the city, and applied to the payment of general taxes on the property and paving taxes subsequent to those included in the tax decree. The same parties or municipalities would not be interested in the general and paving taxes. The city also paid additional taxes for which it issued a city warrant for $492.66. The using of said money so received to pay such subsequent taxes was evidently for the purpose of carrying out the agreement that Wightman should have the property for $1,500 free of encumbrance except subsequent paving tax instalments. The amount due the city under the decree could not be canceled in that way.

A statement of the presiding judge entering the decree of confirmation appears in the record. He was asked: "Q. Was it called to your attention at that time that Mr. Bressler had not paid in his bid? A. No. It was done *pro forma*." We may assume that, following a somewhat usual and general practice in such cases, the decree was drafted by interested counsel, and upon these *"pro forma"* proceedings presented to the presiding judge for approval. This decree recites: "And the court having examined the proceedings in said action and with special reference to said sale is satisfied that the same are correct and regular in all respects and that said real estate was sold at a fair value and a subsequent sale would not realize a greater amount." It is now urged by appellees that appellant cannot go back of the decree of confirmation and attack the validity of the proceedings of sale in the absence of a charge of fraud. Though intentional or actual fraud is not charged in specific terms, constructive fraud sufficiently appears therefrom. If the title to the property could be successfully passed and tax liens, in this case amounting to $2,949.48 and interest when decree was rendered, barred by such proceedings, it would certainly be at least a constructive fraud both upon the owners of the equity as well as upon the holders and those interested in the tax liens being foreclosed.

"Constructive fraud is a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud-feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests. Neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud." 26 C. J. 1061.

The property was being offered for sale to satisfy the two liens embodied in the decree; the first lien in favor of Alice V. Lewis and the second in favor of the city of Wayne. There may have been some doubt at time bid was made, in the minds of some of the bar, as to the right of the city to make a bid on property without paying amount bid, where sale was under tax lien held by such city only; but, in a case of this kind where sale was to satisfy two decrees, due different parties, there never could have been any reasonable doubt as to the necessity of bidder paying or satisfying bid. Even had the plaintiff entertained a belief, though an erroneous one, at time bid was made, that it could bid the property in either in its own name or in the name of some officer for it as trustee, without paying the bid, yet any doubt as to that question must have been removed and set at rest prior to the confirmation of such sale by the decision of this court in the case of *City of McCook v. Johnson,* 135 Neb. 270, 281 N. W. 69, the opinion in which was filed July 15, 1938. On September 27, 1938, more than two months after the decision of this court in *City of McCook v. Johnson, supra,* the proceedings of the sheriff's sale in the tax foreclosure case, reported for the sum of $4,600, but without, in fact, any part of it being paid, were presented to the court for confirmation without the attention of the court being directed to the fact that no part of the bid was paid; and a formal order confirming same was secured, and sheriff's deed was issued pursuant thereto.

This is not a case where some innocent third party has bought property in good faith on the strength of a record showing good title. The record did not show good title in Bressler. At time Wightman negotiated for the property,

sheriff's sale to Bressler had not been confirmed nor sheriff's deed issued. That Wightman realized the only manner of getting title was through the former owners who were parties to the tax foreclosure is evidenced by his securing the quitclaim deeds from the defendants in tax foreclosure case; but, it further appears from his testimony, "I was cleaning up for the city." And, "Q. Did you have any attorney to look after any part of this for you? A. No. I was acting on the instructions from the city council."

If this were a question of mere irregularity in proceedings, the rule urged by the appellees, that confirmation cures defects and irregularities in the absence of fraud, might be applied, but an entire failure to pay consideration and the securing of a sheriff's deed without any consideration whatever therefor, under the circumstances shown by the record in this case, amounts to more than a mere irregularity. Such a sale and confirmation were and are void and cannot be sanctioned on the theory that confirmation cures irregularities and defects. Such sale did not result in the satisfaction of either the first or second lien in the tax foreclosure, neither did it bar or foreclose the owners of equity of their interest in the property.

The defendant Wightman has secured a deed, not only from Bressler and wife, but he has also secured a deed from the former owners of the equity, and also from the holders of the first lien in the tax foreclosure case. Thus, he has acquired, so far as this record reveals, all interests and liens other than that of the city of Wayne. There is no evidence that any part of the lien of the city for the first ten instalments of paving tax, which was merged in the decree in the tax sale foreclosure, has been paid. All the money received by the city from the defendant Wightman through Bressler, $1,134.75, has been applied to the payment of taxes subsequent to those included in the tax foreclosure. The decree of the city is still effective and unsatisfied and a valid and enforceable lien upon the property. The decree of the trial court in this case finds that there was no fraud practiced by the parties interested in the tax

foreclosure proceedings. While that finding might be justified if the question was only as to actual or intentional fraud, we feel constrained to hold that the evidence is sufficient to show constructive fraud. If these proceedings are sanctioned and the judgment in this case is upheld, it would mean that the lien for the paving assessments included in the foreclosure had been barred, and the property released from payment of the amount adjudged due by the decree. That part of the decree of the district court finding and decreeing that Donald S. Wightman is the owner of the property involved herein, we find to be correct; but that part of the findings and conclusions of the trial court that the city has no right, interest or claim upon said property, and that the title to said property should be quieted and confirmed in the defendant Wightman as against the city, is erroneous. We conclude that the decree of the court should confirm the title of the defendant Donald S. Wightman in and to said property, subject to the lien of the defendant city of Wayne under the decree of foreclosure entered on the 18th day of March, 1932, for the sum of $2,713.76 and interest. Reversed and remanded, with instructions to render decree in harmony with this opinion.

REVERSED.