DONALD S. WIGHTMAN, APPELLEE, v. THE CITY OF WAYNE, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS.

28 N. W. 2d 575

Filed July 25, 1947. No. 32231.

*Fred S. Berry, H. D. Addison,* and *Mark J. Ryan,* for appellants.

*Harry E. Siman,* for appellee.

*E. B. Perry,* amicus curiae.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, and CHAPPELL, JJ.

YEAGER, J.

This is an action by Donald S. Wightman, plaintiff and appellee, against the city of Wayne, Nebraska, defendant and one of the appellants, brought under the Declaratory Judgments Act of the State of Nebraska for an adjudication of the rights and interests of the said parties in and to Lots 1, 2, and 3, in Block 6, Crawford & Brown's Addition to the city of Wayne, county of Wayne, Nebraska, and the improvements thereon and for various forms of relief based on unjust enrichment, estoppel, the principles of the Occupying Claimants Act, and other equitable principles.

In the action C. H. Hendrickson, as a citizen and taxpayer, intervened. He died and revivor was had in the name of Bertha Hendrickson, administratrix of his estate.

A trial was had to the court and certain relief was granted to plaintiff. From the relief granted the defendant and intervener have appealed.

No bill of exceptions was preserved and presented to this court hence the decision here must depend upon the transcript which contains the pleadings of the parties, the decree, motions for new trial, and the rulings thereon.

In order to have an understanding of matters presented it becomes necessary to detail the history of this litigation. This history is contained in the petition filed by plaintiff and the opinions in two former cases decided by this court which opinions were made a part of the petition by reference. The two cases were Taxpayers' League v. Wightman, 139 Neb. 212, 296 N. W. 886, and Wightman v. City of Wayne, 144 Neb. 871, 15 N. W. 2d 78.

The city of Wayne, prior to December 8, 1921, created two paving districts within the city. They were numbered 3 and 4. The lots in question were within the two districts. On December 8, 1921, a special assessment was levied against the lots in district No. 3 for $1,064.40 divided into 20 annual installments of $53.22 each and in district No. 4 for $1,077 divided into 20 installments of $53.85 each. Prior to June 25, 1931, none of the installments had been paid.

On October 13, 1930, Alice V. Lewis purchased the lots at private tax sale for the general taxes for the years 1928 and 1929 amounting to $130.93 and to her was issued a tax sale certificate.

On June 25, 1931, the city of Wayne purchased the lots at private tax sale for the first 10 installments of the special taxes. The amount due thereon at the time including interest and penalties was $2,495.71. A certificate therefor was duly issued by the county treasurer.

Thereafter on October 31, 1931, the city of Wayne filed a petition for the foreclosure of its certificate and made Alfred H. Lewis, the holder of the record title, and his wife, and Alice V. Lewis, the holder of the certificate for general taxes, parties defendant. On March 18, 1932, a decree of foreclosure was entered

whereby Alice V. Lewis, the holder of the certificate for general taxes, was decreed to have a first lien for $235.72 with 12 percent interest from date, and the city of Wayne a second ·lien for $2,713.76 with 12 percent interest from date.

No further proceedings were had in the case until September 9, 1936, when an order of sale was issued. On October 19, 1936, a sale was had of the lots to one Walter S. Bressler who was city clerk. He purchased the lots for the city on a bid of $4,600. No part of the bid was ever paid. Bressler took a sheriff's deed in his own name.

During the months of June and July 1938 plaintiff negotiated with the mayor and members of the city council for the purchase of the lots. A price of $1,500 was agreed upon. There is no official city record of these incidents or of any later incidents relating to this property.

By way of completion of the purchase plaintiff paid the city $1,134.75, to the holder of the lien for general taxes he paid $319.21 and took from her a quitclaim deed, and to the holder of the outstanding record title he paid $40 and from him also took a quitclaim deed. On October 5, 1938, Bressler and his wife gave plaintiff a quitclaim deed the purpose of which was to convey the interest of the city of Wayne. All of the money received by the city except a very small amount was allocated to the payment of installments 11, 12, 13, and 14 of the special assessments and general taxes for the years 1933, 1934, 1935, 1936, and 1937. Thus the city received nothing in liquidation of the amount represented by the certificate for special taxes which was foreclosed.

This court, in the opinion in Taxpayers' League v. Wightman, *supra,* which opinion, as hereinbefore stated, was made a part of the petition herein by reference, wherein the validity of that transaction was put in issue, held that the sheriff's sale to Bressler was void and that plaintiff took nothing by his deed from Bressler. It

was there held that if the action complained of were upheld it would have the effect of canceling the lien of the city for paving taxes in the tax foreclosure case in the sum of $2,713.76 and interest. It was further held that the entire transaction beyond the decree of foreclosure was a constructive fraud upon the owner of the equity as well as upon the holders and those interested in the tax liens being foreclosed. In that opinion it is stated: "If the title to the property could be successfully passed and tax liens, in this case amounting to $2,949.48 and interest when decree was rendered, barred by such proceedings, it would certainly be at least a constructive fraud both upon the owners of the equity as well as upon the holders and those interested in the tax liens being foreclosed."

It was the conclusion of this court in that opinion that plaintiff herein was the owner of the lots in question, not by reason of the deed from Bressler, but by reason of the deeds from the record titleholder and the holder of the first lien for general taxes, subject however to the lien of the city of Wayne under the decree of foreclosure entered March 18, 1932, for the sum of $2,713.76 and interest. That opinion stands unreversed and without modification.

After this determination by this court plaintiff filed an action against the defendant wherein, on the facts herein stated and notwithstanding the determination, he sought to have the lien of the foreclosure decree entered March 18, 1932, perpetually enjoined and for a decree requiring the city of Wayne to specifically perform its alleged contract to satisfy such lien. C. H. Hendrickson was intervener in that action. A trial was had which resulted in a finding against plaintiff and dismissal of his case. Appeal was taken to this court and is the case of Wightman v. City of Wayne, *supra*.

In the opinion in that case, which opinion was made a part of the petition herein by reference, this court found that there was no valid and binding agreement

between plaintiff and defendant and in consequence that there was no agreement that could be enforced by the equitable remedy of specific performance and that there was no basis for the entry of injunction restraining the enforcement of the lien. The following appears in the opinion:

"The record discloses that the agreement made was entered into by plaintiff and the officers of the city without any record thereof appearing in the minutes of the city council. It is the contention of the intervener that a city of the second class cannot in this manner enter into a valid contract for the sale of real estate. In this we concur. The power of the city of Wayne to contract with reference to its real estate is limited by section 17-401, Comp. St. Supp. 1941, and section 17-522, Comp. St. 1929. These provisions have been held to be mandatory. * * * And where, as here, no record of the proceedings of the city council exists with reference to the matter under consideration, the presumption is that none took place. * * * We necessarily conclude that there was no binding agreement made between the plaintiff and the city and, consequently, there is no agreement that can be enforced by the equitable remedy of specific performance.

"Plaintiff prays in this suit for a perpetual injunction against the enforcement of the city's lien for taxes. In this respect we point out that in Taxpayers' League v. Wightman, *supra,* this court held that a finding that Donald S. Wightman was the owner of the property was correct, but that the finding that the city had no right, interest or claim upon said property and that the title thereto should be quieted in Wightman as against the city was erroneous. The effect of that holding was to confirm the title to the property in Wightman by virtue of the deed obtained from Alfred H. Lewis, the former title owner, subject to the lien of the city which is under discussion in the present litigation. We can find no basis for the entry of an injunction restraining the

enforcement of the lien. There is no valid contract that can afford the basis for such a decree. The lien of the city is valid and no reason has been pointed out that would entitle plaintiff to relief by injunction."

In that action, as pointed out in the opinion, plaintiff contended that he was entitled to general equitable relief against the lien of the city since he purchased the lots for $1,500 which he paid, that he satisfied the first lien and procured a deed from the former titleholder, and thereafter built a home thereon of the value of approximately $8,500. The improvements were started before the commencement of the action of Taxpayers' League v. Wightman, *supra,* bringing into question the legality of the pretended sale to Wightman by the city through Bressler, however very little could have been done since but nine days elapsed between the two dates.

The intervener in response to that contention contended that the decision in Taxpayers' League v. Wightman, *supra,* was res judicata. The contention of the intervener in this respect was sustained. In its determination of that question this court said: "In Taxpayers' League v. Wightman, *supra,* the defendant Wightman filed an answer in which he asked for a dismissal of plaintiff's amended petition and for general equitable relief. Any available remedy could have been asserted in that case. The issues in that case in effect determined every issue raised by the present case. But whether they were specifically determined or not, every issue in the present case could have been raised in the former suit."

It may be well to interpolate here that the impression should not be indulged that the city profited by the $1,500 except in the payment of the first lien and in the payment of taxes which became due or delinquent after those which were represented by the certificates which were foreclosed. All except a few cents of the amount was used to purchase the outstanding first lien, to acquire the outstanding title, and to pay later install-

ments of the special assessments, and later annual general taxes. Thus a burden upon plaintiff as the successor in title was liquidated rather than an enrichment of the city at the expense of plaintiff.

This history reflects fairly, we think, the allegations of the petition of plaintiff filed herein and the relief prayed is based on the allegations thus reflected.

The relief prayed is in the alternative and is in substance the following:

(a) That the city of Wayne be required to comply with the bid of Walter S. Bressler and pay to the clerk of the district court $4,600 with interest and penalties thereon from the date of the tax foreclosure sale, or

(b) That the city of Wayne before exercising any right under its judgment lien be required to pay to plaintiff the value of the improvements placed on the three lots, or

(c) That plaintiff be subrogated to the city's judgment lien, or

(d) That in the event of the sale under the decree of foreclosure the city be required as a condition to reimburse plaintiff for the purchase price of $1,500 with interest from October 5, 1938; that plaintiff be decreed to have a first lien against the proceeds of sale for all general taxes paid by him subsequent to October 5, 1938, with interest, together with such part of the balance of the proceeds as the value of the improvements bears to the value of the property as enhanced by said improvements, and

(e) That the court render a declaratory judgment decreeing and adjudicating the rights and status of the parties and general equitable relief.

To the petition the defendant filed a general demurrer wherein it was alleged that the petition failed to state a cause of action or any ground upon which to grant any of the relief prayed. The demurrer was overruled. Thereafter the defendant filed an answer and therein the demurrer was reasserted. The intervener also filed an answer. Issues were joined by the filing of a reply.

Following the trial of the case the court after making lengthy findings of fact and conclusions of law decreed as follows:

"IT IS THEREFORE CONSIDERED, ADJUDGED, ORDERED AND DECREED that the defendant The City of Wayne have a valid first and paramount lien on and against the real estate herein, to-wit: Lots 1, 2, and 3, Block 6, Crawford & Brown's Addition to the City of Wayne, in Wayne County, Nebraska, for the sum of $907.09, with interest thereon at the rate of 6% per annum from the date of this decree.

"IT IS FURTHER ORDERED AND DECREED that said real estate be sold as upon execution under the tax foreclosure decree entered on the 18th day of March, 1932, for the satisfaction of said lien. It is further ordered that the proceeds of said sale shall be brought into court and applied, first, to the payment of the costs in this case, one-half of which is taxed to the plaintiff and the other one-half of which is taxed to the defendant, the City of Wayne; second, to the payment of the sum of $907.09 with interest at 6 per cent from the date of this decree to the City of Wayne, and, third, the balance of such proceeds to be paid to Donald S. Wightman, the plaintiff herein.

"IT IS FURTHER ORDERED BY THE COURT that the defendant herein pay all costs of record in the tax foreclosure suit No. 4291 up to and including the confirmation of the sale to Walter S. Bressler and also the attorney's fees allowed in said decree and that all further costs in said action be paid by the plaintiff herein."

It is from these provisions of the decree that the defendant and the intervener have appealed. Six assignments of error are set out by the city of Wayne but we may consider only five since one could receive consideration only through a bill of exceptions. As already pointed out no bill of exceptions was presented with the appeal. There are nine assignments of error set out by the intervener but they do not require separate

statement or consideration. The assignments of error proper for consideration are (1) that the court erred in overruling the demurrer of the defendant to the petition, (2) that the decree is contrary to law, (3) that plaintiff's cause of action and the matters and things alleged by him have been adjudicated and are res judicata, (4) that the court erred in holding that defendant could enforce its decree of foreclosure for the sum of only $907.09 and certain interest and costs provided in its decree, and (5) that the court erred in overruling defendant's motion for a new trial.

As pointed out the history, as set forth herein, contains the substantial allegations of the petition. The petition contains no substantial allegation not reflected in the opinions of this court in Taxpayers' League v. Wightman, *supra,* and Wightman v. City of Wayne, *supra.* The object and purpose of this action as is disclosed by the petition is to obtain on the same facts remedial relief prayed for and denied in the two previous cases and on the same facts remedial relief not prayed for in those actions.

As to those matters which were adjudicated in the earlier actions there is no question whatever but that here it becomes the duty of the court to say that those adjudications are final and conclusive and that they cannot be overturned by any judgment of the court herein. It is also true that the same rule applies to any remedy which could have been asserted in the former cases. The applicable rule was announced in Shepard v. City of Friend, 141 Neb. 866, 5 N. W. 2d 108, and quoted with approval in Wightman v. City of Wayne, *supra,* as follows: "The rule is that a party should not be vexed more than once for the same cause of action, and the doctrine of res adjudicata includes not only the things which were determined in the former suit, but also any other matter properly involved which might have been raised and determined therein."

It follows therefore that the district court was, and

this court is, without power to order the city of Wayne to comply with the bid of Walter S. Bressler since this court has adjudicated that the foreclosure sale was void.

It also follows that there was and is a lack of power to require the city, before exercising any right under its judgment lien, to pay plaintiff the value of the improvements placed on the lots. The opinion of this court adjudicated an unimpaired lien against this real estate for the sum of $2,713.76 with interest from March 18, 1932.

It cannot be properly said on any theory that the plaintiff is entitled to be subrogated to the city's lien since it is clear from the facts on which the previous adjudications were made that he gave nothing in satisfaction of or which it was agreed would be used in satisfaction of that lien. The money paid by him was used in satisfaction of a first lien for general taxes and in payment of taxes and special assessments of later dates than those which ripened into the judgment lien of the city.

The general equitable relief prayed cannot be granted. The question of plaintiff's right to general equitable relief was disposed of in Taxpayers' League v. Wightman, *supra,* which disposition was declared in the opinion in Wightman v. City of Wayne, *supra,* in the following words: "The intervener contends that any claims of plaintiff for general equitable relief are barred under the principles of res adjudicata. In Taxpayers' League v. Wightman, *supra,* the defendant Wightman filed an answer in which he asked for a dismissal of plaintiff's amended petition and for general equitable relief. Any available remedy could have been asserted in that case. The issues in that case in effect determined every issue raised by the present case. But whether they were specifically determined or not, every issue in the present case could have been raised in the former suit." This statement was then followed by quotation and approval

of the rule relating to res judicata hereinbefore quoted from Shepard v. City of Friend, *supra.*

It becomes clear on the record therefore that the decree of the district court in its entirety is incorrect and should be reversed since the effect is to overturn that which has been previously adjudicated by this court together with the imposition of burdens incident to the overturning of those things previously adjudicated.

Appellee contends substantially that a new element has been placed in issue by the record which has not been previously adjudicated by this court and which was not directly adjudicated by the district court which should be adjudicated in his favor. He insists that if the city is permitted to enforce its lien enforcement should be against the lots only and not against the improvements which were placed thereon by him. For support in this connection he relies on section 76-301, R. S. 1943, commonly known as the Occupying Claimants Act, and a claimed general equitable principle that under the facts pleaded his improvements should not be sold for the satisfaction of the lien. With this contention we do not agree.

An examination of the statute in question discloses that it has no application in a case such as this one. The act protects an occupying claimant in his improvements only against setting aside or canceling his claim or title by a person who sets up and proves an adverse and better title or claim to such real estate. It in nowise seeks to prevent the enforcement by foreclosure of a valid lien. No one is seeking to question the title of plaintiff but only to enforce a tax lien against it.

We are clearly of the opinion that if plaintiff had any right to have this question considered as a matter of general equity it has been disposed of by the adjudication in Taxpayers' League v. Wightman, *supra,* and Wightman v. City of Wayne, *supra.* We refer for support of this conclusion to the opinion in Wightman v. City of Wayne, *supra.*

In the two former actions the effort of the plaintiff herein was essentially to relieve the entire property, lands, and improvements, from the lien in question. The adjudications were as to the entire property. He may not be permitted now by severance of the improvements from the lands in a new action to again litigate the question of whether or not the improvements were subject to the lien.

We conclude therefore that the decree of the district court was erroneous and that the plaintiff is entitled to none of the relief prayed in a hearing de novo before this court.

The decree of the district court is reversed with directions to dismiss the action.

REVERSED WITH DIRECTIONS.