CLYDE OMAN, APPELLEE, v. THE CITY OF WAYNE, APPELLANT, IMPLEADED WITH THE STATE OF NEBRASKA ET AL., APPELLEES.

30 N. W. 2d 921

Filed February 13, 1948.   No. 32274.

Fred S. Berry, H. D. Addison, and Burr R. Davis, for appellant.

William A. Crossland, Ginsburg & Ginsburg, and H. E. Siman, for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and THOMSEN, District Judge.

Yeager, J.

This is an action in equity by Clyde Oman, plaintiff and appellee, against the City of Wayne, Nebraska, and others, defendants, the declared purpose of which is to fix, determine, and adjudge the respective rights, titles, liens, claims, and interests of all the parties in certain real estate. The claimed grounds for relief, the identity of the parties interested and their relationships to the real estate, and transactions connected therewith and to each other will be made to appear later herein.

Following a trial in the district court a decree was entered favorable to plaintiff. From this decree the defendant City of Wayne has appealed.

The cause comes here without a bill of exceptions, therefore only the transcript and its contents may be considered in the determination of this appeal. With that in mind it appears proper to say here that the facts hereinafter considered are only such as are shown to exist by the content of the transcript. The facts considered are not in substantial dispute. To the extent necessary to a determination of this case they are:

On June 25, 1931, a county treasurer's certificate of tax sale was issued to the city of Wayne selling to it Lot 30, Taylor and Wachob's Addition to the City of Wayne, Nebraska, for delinquent taxes. The taxes involved were $1,682.28 for paving assessments and $443.05 for general real-estate taxes. The city made no payment of the taxes involved in the certificate.

On August 11, 1931, the city instituted an action in the district court to foreclose the certificate. The matter went to decree on September 25, 1931, in the sum of $2,190.60. On February 29, 1932, the property was sold to J. E. Brittain who bid the amount of the decree. No part of the amount of the bid was paid. A return of the order of sale was made by the sheriff.

Brittain was city attorney at the time of the foreclosure and represented the city therein. It appears

that at informal meetings of the city council, of which no records were made, a plan was formulated and adopted whereby in tax foreclosure proceedings the city attorney or city clerk would bid for said properties which bids would be made for and on behalf of the city, that no money would be paid on said bids, and that on confirmation sheriff's deeds would be issued to the clerk or attorney but that the title so acquired would be held for the city. In furtherance of the plan it was agreed that negotiations for the sale of said properties would thereafter be made by the city officials and that any consideration received therefor would belong to the city. The bid of Brittain was made pursuant to that plan.

The records of the city council show that on September 26, 1933, a motion was made, seconded, and carried to take an option on two lots owned by plaintiff for the sum of $5,000. The motion makes no reference to the city conveying the property involved herein to plaintiff. There is no record of an aye and nay vote on the adoption of the motion.

On September 27, 1933, an option agreement was entered into, signed by the city of Wayne by its mayor and attested by its city clerk, and by Clyde Oman, plaintiff herein. By this agreement Oman agreed to sell two lots to the city for the agreed consideration of $5,000. Of this amount $4,500 was to be paid in cash and $500 to be paid by the city deeding to Oman a part of Lot 30 involved in the tax foreclosure proceedings. It was agreed that all paving assessments and real-estate taxes were to be paid up to and including the 1933 tax. On April 5, 1934, the sale in the tax foreclosure case was confirmed by the court and sheriff's deed issued to Brittain, which deed was duly recorded.

Subsequent to the confirmation of the sale Oman and wife conveyed the two lots to the city. The $4,500 in cash was paid. Brittain and wife conveyed the property here involved, being a part of said Lot 30,

to Oman by quitclaim deed for a recited consideration of $500. The deed was delivered and recorded.

On October 27, 1936, a resolution was adopted by the city of Wayne reciting that it became the owner of said Lot 30 by virtue of the foreclosure action; that as a matter of convenience title was taken in the name of Brittain, its city attorney; that pursuant to said arrangement, sheriff's deed issued to Brittain; that the city had subsequently sold the portion of the lot here involved to Oman, and had directed Brittain to convey said premises to him; that he did so on December 7, 1934, by quitclaim deed; and that under the agreement the city was to warrant and defend the title. It was resolved that the city grant to Oman the same protection under the quitclaim deed that he would be entitled to by warranty deed. The resolution contained a pretended covenant to warrant and defend the title. It was further recited that the resolution was approved, adopted, and passed at a regular meeting of the council. The resolution was signed by the city by the mayor and attested by the clerk. There was no record made of aye or nay votes on the adoption of this resolution.

Plaintiff entered into possession of the property involved in this action, placed valuable improvements thereon, and paid general taxes and special assessments in the sum of $890.66. The city entered into possession of the property conveyed to it by Oman and erected an auditorium thereon. It retains possession of the property.

On September 21, 1942, plaintiff entered into a written contract to sell the premises involved herein to defendant Stoltenberg for $2,500. He has received $2,250 of the purchase price, the balance to be paid when title is accepted and approved.

It appears that Brittain died subsequent to the issuance of the deed by him to Oman and prior to the bringing of this action.

Plaintiff brought this action alleging substantially

that the sale to Brittain was regular and valid on its face and disclosed no defect or omission that would indicate invalidity or put a prudent person on inquiry; that Brittain was a trustee for the city and had authority to convey the property; that in purchasing from the city it was understood and agreed that plaintiff would receive title with general warranty; that he took title in good faith for a valuable consideration and without knowledge of any defect or fact that would put him on inquiry; that he was the owner of the premises; that he relied upon the contract and warranty, entered into possession, and placed valuable improvements on the premises; that he had contracted to sell the same to Stoltenberg and had received payment of a substantial part of the consideration; that the city is estopped to claim its equities are superior to those of the plaintiff; and that he is entitled to a first and prior lien for the consideration paid, for the improvements placed on the property, and for taxes and special assessments paid. Plaintiff prayed that the court fix and determine the rights, liens, and claims of the parties; that he be decreed to have a prior lien thereon; that defendant city be required to account for the consideration received by it and be barred from asserting any lien on the premises; and that in the event it be determined the parties have liens on the premises, that the premises be ordered sold to satisfy the liens, and further prayed for equitable relief.

Plaintiff joined as parties defendant the city of Wayne, the county of Wayne, the State, the school district, the widow and heirs of Brittain and the administratrix of his estate, Stoltenberg and wife and tenant, all other persons interested in the estate of Brittain, and those having or claiming any interest in the property.

The city of Wayne demurred to the petition; the demurrer was overruled. The city answered; renewed its demurrer; alleged that it paid nothing for the tax certificate save an issuing fee; denied that on the face

the sale to Brittain and confirmation were regular; alleged that the record fully disclosed the bid of Brittain was not paid nor the decree satisfied and that the county treasurer's records showed the taxes and assessments involved had not been paid; denied that Brittain had legal authority to sell on behalf of the city; denied that the city had authority to sell, except as authorized by law; alleged the absence of a record of aye and nay votes as hereinbefore set out, and that the option and resolution were illegal and of no effect, specifically denying that the city had the authority to warrant title; admitted that it went into possession of the premises conveyed to it by Oman and had built an auditorium thereon, and that it retained possession as owner; admitted the possession and placing of improvements by plaintiff on the premises here involved; alleged that plaintiff voluntarily paid taxes and assessments on the property; admitted that Brittain never paid the bid and that the political subdivisions entitled to receive the proceeds had received nothing; alleged that the sale to Brittain and the sheriff's deed to him and the deed from Brittain and his wife to plaintiff were void and that plaintiff had no interest in the property; and alleged that the decree of foreclosure was a presently valid first lien on the premises. The city prayed for a dismissal of plaintiff's petition; that the decree be declared a first lien on the premises superior to the claims of the plaintiff and of any of the defendants, except the claim of the county for general taxes included in the tax certificate; and for an order of sale based on the decree.

The county and the State demurred, answered, and prayed substantially the same as the city.

By reply to these answers the plaintiff pleaded an estoppel based upon the plaintiff's reliance upon the option and resolution; his change of position by conveyance to the city of the two lots; his possession of, his placement of improvements and payment of taxes

and assessments on the property involved here; and the receipt by the city of the full benefits of his contract with it, and its retention of the same.

Defendant Stoltenberg answered and by cross-petition against the plaintiff alleged his contract of purchase with plaintiff, the payments made thereon, his possession of the property, the payment of general and special taxes thereon, the making of improvements, and a readiness to perform his contract. He prayed for specific performance or in the alternative for damages.

Because of the court's decree we do not deem it necessary here to set out the allegations of plaintiff's answer to the cross-petition.

The trial court by decree entered a default against all defendants served but not answering and found generally for plaintiff and for the cross-petitioner. The court found as to the facts hereinbefore recited; that the deed from Brittain to plaintiff conveyed no title; that the officials of defendant city acted in good faith; that it was intended plaintiff should receive a merchantable title; that the city had retained the fruits of the transaction; that the city had irregularly exercised its power and was estopped to retain the benefits; that the rights of all parties could be protected and complete equity done by requiring the city to comply with the bid of Brittain; and that the cross-petitioner was entitled to specific performance if merchantable title could be given and, if not, to damages. The trial court ordered the city to pay the bid made by Brittain; that the sale thereupon be confirmed and sheriff's deed issued conveying to plaintiff the property here involved; that the title to the premises be quieted in plaintiff as against all claims, except that of the cross-petitioner. As to the cross-petitioner, it was decreed that he was entitled to specific performance or damages and jurisdiction was retained for the purpose of ascertaining and granting the appropriate relief.

The city appeals.

The pertinent assignments of error are:

"1. The court erred in overruling defendant's demurrer to plaintiff's petition.

"2. The decree is not sustained by the facts and the findings of the lower learned court.

"3. The decree is contrary to law.

"4. The court erred in holding and directing the defendant City of Wayne to pay to the clerk of the district court the bid made by J. E. Brittain, city attorney, at the sheriff's sale under the decree of foreclosure entered in the case of the City of Wayne, Nebraska v. Arthur G. Adams, et al., Case No. 4268.

"5. The court erred in holding and deciding that the defendant City was estopped from enforcing its lien against the real estate by reason of the alleged transaction with plaintiff."

The validity of the decree for the foreclosure of the taxes is not questioned.

Insofar as the foreclosure proceedings and the sale and confirmation and the transaction of plaintiff with the city in negotiating the purported purchase with the city are concerned, we see no controlling difference between this case and that of Taxpayers' League v. Wightman, 139 Neb. 212, 296 N. W. 886. The bid and the sale in the foreclosure proceedings there were made under almost identical circumstances with the bid and the sale here. We there held that the entire transaction beyond the decree of foreclosure was a constructive fraud; that the sale and sheriff's deed were void; and that they could not be sanctioned on the theory that confirmation cured irregularities and defects. We have so construed that opinion in Wightman v. City of Wayne, 146 Neb. 944, 22 N. W. 2d 294, and Wightman v. City of Wayne, 148 Neb. 700, 28 N. W. 2d 575.

We think it should be pointed out that the decision in Taxpayers' League v. Wightman, *supra,* did not hold the deed to Bressler, the city clerk, void solely because the city did not intend to pay the bid when made and

did not pay it. We held that the evidence showed a constructive fraud. We said in the opinion: "The making of bid for the property in the name of the city clerk was doubtless an effort to circumvent the provisions of said section 17-401 relating to sales of real estate owned by such a city." It was that effort and what was done pursuant to it which, together with the other circumstances shown by the record, we held were more than irregularities and rendered the transaction void. We further held in Taxpayers' League v. Wightman, *supra*, that it was not a case where some innocent third party had bought property in good faith from a record owner on the strength of a record showing good title. Although the record title was in Bressler at the time Wightman negotiated for the property he knew in fact that the city claimed ownership and he dealt with the city on that basis. Neither Wightman in the one instance nor Oman in the other was an innocent purchaser for value without notice of impairment of the title of the nominal grantor. The same factual situation exists here as there and it must receive the same treatment as was accorded there.

We now turn to the decree of the trial court, which plaintiff asks that we affirm. It orders the city to pay the void bid of Brittain. It does not purport to require compliance with the statutory proceedings for a sale under foreclosure; it does not permit of competitive bidding for the property but rather shuts out all such bids, other than the void bid made by Brittain; it orders confirmation of the sale, without compliance with the requirements of the statutes as to confirmation; it orders the sheriff to convey the property, not to the bidder nor to the city for which the bid was made and which is required to pay the bid, but to the plaintiff who was not a bidder and who is not paying the bid; and it requires the city to buy property at a tax sale, a part of which is not involved in this action. The obvious purpose and effect of the decree is to require the city to buy the prop-

erty involved in this action and then to sell it to plaintiff without compliance with the statutory provisions by which a city may sell real estate. See Laws 1933, c. 29, § 1, p. 206; C. S. Supp., 1933, § 17-401; R. S. 1943, § 17-503. The provisions of these sections are mandatory. Wightman v. City of Wayne, 144 Neb. 871, 15 N. W. 2d 78. The effect of the decree in this respect is to direct not compliance with but violation of mandatory statutory provisions. This a court cannot properly do.

In State ex rel. Sorensen v. State Bank of Omaha, 128 Neb. 148, 258 N. W. 260, we cited with approval and adopted these rules:

" 'A court of equity, in dealing with legal rights', adopts and follows the rules of law, in all cases to which those rules are applicable; and whenever there is a direct rule of law governing the case in all its circumstances, the court is as much bound by it as would be a court of law, if the controversy was there pending.' "

" 'However manifest and strong the natural equities in the specific instance may be, the court may not depart from the settled rule of law in order to do what may be deemed substantial justice in the particular case.' "

In Warren v. County of Stanton, 147 Neb. 32, 22 N. W. 2d 287, we said that equity has never been an instrument of law violation and that an equity court cannot set aside and render for naught the will of the people as expressed in its solemn legislative enactments.

In Dawson County Irrigation Co. v. Stuart, 142 Neb. 428, 6 N. W. 2d 602, we cited with approval these statements in explanation of the maxim "Equity follows the law" taken from 30 C. J. S., Equity, § 103, p. 503: "In a broad sense the maxim means that equity follows the law to the extent of obeying it and conforming to its general rules and policies whether contained in the common or statute law. * * * The maxim is strictly applicable whenever the rights of the parties are clearly defined and established by law, especially when defined

and established by constitutional or statutory provisions."

It necessarily follows that the decree of the trial court may not be affirmed.

We now come to plaintiff's plea of estoppel.

The rule is that the doctrine of estoppel may never be asserted to uphold crime, fraud, or misdoing of any character. 3 Pomeroy, Equity Jurisprudence (5th ed.), § 813, p. 236; 19 Am. Jur., Estoppel, § 39, p. 638; 31 C. J. S., Estoppel, § 148, p. 437. To sustain the estoppel here would be to sustain and make effective the fraud that voids this transaction from the beginning. It may not properly be done. See Warren v. County of Stanton, 145 Neb. 220, 15 N. W. 2d 757.

We are not attempting to say here that if appellee had, without notice of impairment of title, actual or constructive, purchased the real estate in question relying upon the record title of Brittain, the city of Wayne would not be estopped to assert the invalidity of such sale. That question is not before us and accordingly we do not pass upon it.

One other matter in this case requires attention. In the plaintiff's brief filed herein, he suggested that, if the decree of the trial court could not be sustained, he was entitled to relief under the provisions of section 3, chapter 197, Laws 1945, appearing as section 77-1931, R. S. Supp., 1945. We then requested briefs and additional argument on the applicability of chapter 190, Laws 1943, and chapter 197, Laws 1945. Briefs were furnished and argument had. We have examined these statutes generally and with particular regard to our holding that the sale and the sheriff's deed to Brittain are void.

We need but point out that under the provisions of section 1 of the 1943 act, and likewise of the 1945 act, the first requirement is that the tax foreclosure proceeding shall be one wherein the title to the real estate was acquired by a municipality, or other governmental subdivision, or agent or trustee thereof. The party authorized to bring the action by section 2 of the 1943 act

is the present owner or purported owner of the property, and by section 1 of the 1945 act the present owner. We think it is quite apparent that the city never acquired title to this property. The decree herein finds that neither Oman nor the city of Wayne obtained any title and of this finding Oman is not here complaining. This plaintiff cannot therefore be permitted to say that he is the present or purported owner. This plaintiff accordingly does not bring himself within the provisions of the acts as to their first requirements as to a cause of action; neither does he qualify as a party authorized to bring the action. The acts clearly are not applicable here. We need not and do not determine other questions presented as to the acts.

The judgment of the district court is reversed and the plaintiff's petition dismissed. This judgment does not disturb the decree of the trial court as to the cross-petition of the defendant Stoltenberg.

REVERSED AND DISMISSED.

WENKE, J., concurs in the result.