CITY OF WAYNE, NEBRASKA, APPELLEE, V. ARTHUR G. ADAMS ET AL., APPELLEES, CLYDE OMAN (FERNE OMAN GORST, EXECUTRIX), APPELLANT.

56 N. W. 2d 117

Filed December 12, 1952. No. 33220.

*William A. Crossland* and *Ginsburg & Ginsburg,* for appellant.

*H. D. Addison* and *Charles E. McDermott,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

On June 1, 1950, after the opinion of this court in Oman v. City of Wayne, 149 Neb. 303, 30 N. W. 2d 921, and enactment of L. B. 465, Laws of Nebraska, 1949, c. 240, p. 652, Clyde Oman filed an application in the original tax sale certificate foreclosure proceeding wherein a valid decree of foreclosure had been procured on September 25, 1931, but proceedings subsequent thereto were void. Such statute is now designated as sections 77-1938 to 77-1941, R. R. S. 1943. His application prayed for a supplemental decree ordering proper completion of the foreclosure proceedings and adjusting the rights of all parties, subsequent to decree of foreclosure. Applicant sought thereby to have the court adjudge that he had a first lien upon the premises involved because of superior rights arising since entry of the original foreclosure decree through subsequent payment of taxes and special assessments, and placing of improvements on the premises in good faith. He also prayed for an accounting and judgment against the city of Wayne for the fair and reasonable value of property and benefits subsequently received by it which should be included in the first lien sought by him, and for equitable relief.

The city of Wayne, county of Wayne, and State of Nebraska, generally designated hereafter as plaintiffs, answered, denying generally, and alleging that the valid decree of foreclosure, superior to any alleged right of applicant, had never been paid or discharged and was in full force and effect, constituting a first lien on the premises; that all of the matters and things alleged by applicant had been previously determined in the dis-

trict court and this Court in cases wherein applicant also was a party, and are res judicata; that the statutes aforesaid were unconstitutional and void; and that applicant was entitled to no relief thereunder. The prayers thereof were substantially for disallowance of the application, except that the foreclosure proceeding should be properly completed, and for equitable relief. Insofar as important here, applicant's replies thereto were general denials and a plea of estoppel. Clyde Oman died after filing the application, and by consent the proceedings were revived in the name of his executrix.

A hearing was had upon the merits, whereat evidence was adduced by applicant, and plaintiffs rested after appropriate motion to dismiss the application had been denied and the court had been requested to take judicial notice of the opinions of this court in Oman v. City of Wayne, 149 Neb. 303, 30 N. W. 2d 921, and Oman v. City of Wayne, 152 Neb. 341, 40 N. W. 2d 916, a part thereof completing the litigation. Applicant's evidence included "all of the files and records" in said former action, together with judgments on the mandates in both opinions therein. Other relevant evidence adduced was substantially a recapitulation of the identical factual situation recited in such former opinions, and it will not be repeated here. It is sufficient for us to say that the present action was in the same court, between the same parties, and involved the same subject matter under identical relevant facts in an identical cause of action, pleaded in like manner as in Oman v. City of Wayne, 149 Neb. 303, 30 N. W. 2d 921, except that herein applicant claimed to have superior rights subsequently conferred upon him by L. B. 465, Laws of Nebraska, 1949, c. 240, p. 652, hereinafter called the Act. In its decree herein the trial court found and adjudged the issues in favor of plaintiffs and against applicant. It found: "* * * that the Supreme Court of the State of Nebraska, in other cases involving the same subject matter did decide and adjudicate various issues both

factual and legal as are here presented, and did decree and establish certain rights, liabilities and priorities about and concerning which the parties herein are now contending, and that the doctrine of res adjudicata applies herein" and that the statute relied upon by applicant "does not and cannot empower this Court to treat as non-controlling the actions and decisions heretofore taken and decided by the Supreme Court." It found that the tax foreclosure decree was valid, about which there is no dispute, and that applicant had no rights in any part of the real estate involved which were superior to the lien of the foreclosure decree, and denied him any relief which would affect the validity of such decree or the priority of plaintiffs' first lien obtained thereby. It then ordered, as prayed and requested by all parties, that the tax foreclosure proceeding should be properly completed as provided by law, and ordered the clerk of the district court to issue an order of sale in compliance therewith. Costs were taxed to applicant.

Applicant's motion for new trial was overruled, and he appealed, assigning: (1) That the decree of the trial court is erroneous in finding and adjudging that previous litigation between the parties, involving the same subject matter are conclusive and res judicata of this action; (2) that the decree of the trial court is erroneous in finding and adjudging that applicant has no rights or liens upon the real estate involved, paramount, prior or superior to the lien of the plaintiff; and (3) that the judgment was not sustained by but contrary to the evidence and law. We conclude that the assignments have no merit.

As disclosed by its title, the Act was: "AN ACT relating to taxation * * *." Its object was "to provide procedure for the proper completion of proceedings heretofore had for the foreclosure of tax liens or tax sale certificates where a valid decree of foreclosure was rendered, but proceedings subsequent to entry of decree are defective, invalid, or void for any reason; to repeal sec-

tions 77-1919, 77-1920, 77-1921, and 77-1922, Revised Statutes of Nebraska, 1943, and sections 77-1929, 77-1930, 77-1931, and 77-1932, Revised Statutes Supplement, 1947; and to declare an emergency."

Insofar as important here, section 1 of the Act provides that any person who, subsequent to the entry of a valid decree of foreclosure, has acquired any interest in such property by payment of subsequent taxes or erection of improvements on the property involved therein, may file an application to have the tax foreclosure proceeding properly completed and the rights of the parties subsequent to the entry of such decree adjusted by the court.

Section 2 of the Act provides that the application should be filed in the original tax foreclosure proceeding wherein the decree of foreclosure was rendered, and required the application to set forth:   (1) The nature of the interest claimed and how it was acquired; (2) the defects rendering proceedings subsequent to the decree of foreclosure void; (3) the taxes or special assessments which have become a lien since entry of the foreclosure decree and the amount thereof if paid by applicant; (4) the improvements, if any, placed upon the property by applicant since decree of foreclosure; and (5) any other facts proper for a court of equity to take into consideration in determining the rights, equities, and liens of the parties in the property, concluding with a request that the court should order the foreclosure proceedings to be properly completed and the rights of all parties arising subsequent to the decree be adjusted and determined.

Section 3 of the Act provides that notice of hearing upon such application should be given to all interested parties by service in the same manner as summons in a civil action, which parties should have 20 days from date of service of notice to answer.   It also permitted such service of process upon the State by service upon the Attorney General.

Section 4 of the Act provides that upon hearing the court should enter a supplemental decree directing proper completion of the foreclosure proceeding and determining the rights of all parties that have arisen subsequent to the entry of the decree of foreclosure. It then specifically provides: "The rights adjudicated in the original tax foreclosure proceeding shall be respected and observed, but such adjudication shall not prevent any party from establishing superior rights that may have arisen since the entry of the decree through payment of subsequent taxes and special assessments and the placing of improvements on the premises *in good faith*." (Italics supplied). It then provides that any municipal corporation or governmental subdivision might be required to account for any consideration received by it as the result of the void proceedings.

The Act is clear and unambiguous, and courts will not by interpretation or construction usurp the function of the Legislature and give it a meaning not intended or expressed therein. In such a case it is not the province of courts to read into a statute something not found therein or to give it a meaning not warranted by its legislative language. Ledwith v. Bankers Life Ins. Co., 156 Neb. 107, 54 N. W. 2d 409.

The object and intent of the Act, as clearly indicated by the title and provisions of the Act, was simply to provide a formalized statutory procedure which could be followed in the original tax foreclosure proceeding by any applicant who could bring himself within its provisions, wherein the original tax foreclosure proceedings should be completed in the manner provided by law and whereby such applicant might obtain service upon all interested parties, including the State, and have adjusted and determined as in equity whether or not he had any "superior rights that may have arisen since the entry of the decree through payment of subsequent taxes and special assessments and the placing of improvements on the premises in good faith." In other words, the Act

is entirely procedural, and, contrary to applicant's contention, does not give or grant an applicant any new rights.

Our opinion in Oman v. City of Wayne, 149 Neb. 303, 30 N. W. 2d 921, was decided upon the merits as an original action in equity. Contrary to applicant's contention, plaintiff therein, who is applicant here, did not fail "in that proceeding because of the want of statutory basis upon which to maintain his action" or for any jurisdictional ground. True, in his brief therein plaintiff suggested that if the decree of the district court could not be sustained, he was entitled to relief under sections 77-1919 to 77-1922, R. S. 1943, and sections 77-1929 to 77-1932, R. S. Supp., 1947, entirely different statutes, subsequently repealed by the Act here involved, and we requested briefs and additional argument upon the question of their applicability. Such was done, and in that regard we simply concluded that such statutes had no application and did not determine any other questions presented with reference thereto. We then reversed the judgment of the trial court, and dismissed plaintiff's petition upon the merits without disturbing the decree as to the cross-petition of another defendant who sought recovery therein against Oman for breach of contract to convey, which was subsequently disposed of adversely to plaintiff by our opinion in Oman v. City of Wayne, 152 Neb. 341, 40 N. W. 2d 916, wherein the force and effect of the first opinion in the Oman case was recognized.

The force and effect of our first opinion in the Oman case, upon a record comparable in every respect with that at bar, was that the entire transaction subsequent to the decree was void as a constructive fraud, both upon the owners of the equity as well as upon the holders, taxpayers, and others interested in the tax liens being foreclosed; that plaintiff, having knowingly dealt directly with the city and its officers for purchase of the property from them, was not an innocent purchaser thereof

in good faith for value without notice; that plaintiff was not entitled to be subrogated to any rights of the city; and that the decree of foreclosure obtained by the city was still an effective, unsatisfied, and valid enforceable first lien upon the property.

In so concluding, the first opinion in the Oman case quoted from and relied upon Taxpayers' League v. Wightman, 139 Neb. 212, 296 N. W. 886, Wightman v. City of Wayne, 146 Neb. 944, 22 N. W. 2d 294, and Wightman v. City of Wayne, 148 Neb. 700, 28 N. W. 2d 575, all comparable cases. With regard thereto, the first opinion in the Oman case said: "The same factual situation exists here as there and it must receive the same treatment as was accorded there." With regard to plaintiff's plea of estoppel against the city, the opinion said: "The rule is that the doctrine of estoppel may never be asserted to uphold crime, fraud, or misdoing of any character. 3 Pomeroy, Equity Jurisprudence (5th ed.), § 813, p. 236; 19 Am. Jur., Estoppel, § 39, p. 638; 31 C. J. S., Estoppel, § 148, p. 437. To sustain the estoppel here would be to sustain and make effective the fraud that voids this transaction from the beginning. It may not properly be done. See Warren v. County of Stanton, 145 Neb. 220, 15 N. W. 2d 757."

In Taxpayers' League v. Wightman, 139 Neb. 212, 296 N. W. 886, we validated a comparable lien obtained by the city of Wayne under a decree of foreclosure at the instance of taxpayers. Also, in Wightman v. City of Wayne, 144 Neb. 871, 15 N. W. 2d 78, we refused to enjoin its enforcement or require the city of Wayne to perform its contract to satisfy it or grant plaintiff general equitable relief. In that opinion we said: "The intervener contends that any claims of plaintiff for general equitable relief are barred under the principles of res adjudicata. In Taxpayers' League v. Wightman, supra, the defendant Wightman filed an answer in which he asked for a dismissal of plaintiff's amended petition and for general equitable relief. Any avail-

able remedy could have been asserted in that case. The issues in that case in effect determined every issue raised by the present case. But whether they were specifically determined or not, every issue in the present case could have been raised in the former suit.

"This court has adopted the following rule on the subject: 'The rule is that a party should not be vexed more than once for the same cause of action, and the doctrine of res adjudicata includes not only the things which were determined in the former suit, but also any other matter properly involved which might have been raised and determined therein.' Shepard v. City of Friend, 141 Neb. 866, 5 N. W. 2d 108."

In Shepard v. City of Friend, 141 Neb. 866, 5 N. W. 2d 108, this court held: "The defense of res adjudicata becomes available when a question of fact has been put directly in issue in an action between the same parties or their privies and an adjudication is had thereon.

"Under the doctrine of res adjudicata, when a question of fact is once determined on the merits, that question is settled, so far as the litigants and those in privity are concerned. Such question when decided cannot be relitigated between the same parties. * * *

"Where there is a finding of fact in an action in equity or in law, such finding is res adjudicata in any other action on the same issues of fact between the same parties or their privies, whether the action be in equity or law."

In Wightman v. City of Wayne, 148 Neb. 700, 28 N. W. 2d 575, plaintiff brought another action under the Declaratory Judgments Act, likewise seeking an adjudication of the rights and interests of the parties in and to the same property and improvements thereon, involved in the former opinion, and for various forms of relief based on unjust enrichment, estoppel, the Occupying Claimants Act, and other equitable remedies. Insofar as important here, it was said in that opinion: "As pointed out the history, as set forth herein, con-

tains the substantial allegations of the petition. The petition contains no substantial allegation not reflected in the opinions of this court in Taxpayers' League v. Wightman, supra, and Wightman v. City of Wayne, supra. The object and purpose of this action as is disclosed by the petition is to obtain on the same facts remedial relief prayed for and denied in the two previous cases and on the same facts remedial relief not prayed for in those actions.

"As to those matters which were adjudicated in the earlier actions there is no question whatever but that here it becomes the duty of the court to say that those adjudications are final and conclusive and that they cannot be overturned by any judgment of the court herein. It is also true that the same rule applies to any remedy which could have been asserted in the former cases."

As stated in 50 C. J. S., Judgments, § 691, p. 150: "The conclusiveness of a judicial determination is not affected by the kind of proceeding or form of action in which it was made, or by a difference in form or object of the litigation in which the adjudication was made and that in which the estoppel is set up."

Such rules have application herein to bar applicant's rights claimed under the procedure provided by the Act. In that connection, the force and effect of the opinions in Oman v. City of Wayne, 149 Neb. 303, 30 N. W. 2d 921, and 152 Neb. 341, 40 N. W. 2d 916, was to conclude as a question of fact that applicant did not pay subsequent taxes and special assessments or place improvements on the premises "in good faith." Thus, accordingly, he could not bring himself within the provisions of section 4 of the Act. Further, we decided in such opinions that the city had a first lien by virtue of the valid foreclosure decree, which rights became vested by the opinions and judgments thereon. In such a situation, the applicable rule is that: "* * * the private rights of parties which have been vested by the judgment

of a court cannot be taken away by subsequent legislation, but must be thereafter enforced by the court regardless of such legislation." Hodges v. Snyder, 261 U. S. 600, 43 S. Ct. 435, 67 L. Ed. 819. Such language was approved and adopted as the holding of this court in Mooney v. Drainage District, 134 Neb. 192, 278 N. W. 368. In that opinion, it was said, quoting from and approving 1 Black, Judgments (2d ed.), § 298, p. 455: " 'The power to open or vacate judgments is essentially judicial. Therefore, on the great constitutional principle of the separation of the powers and functions of the three departments of government, it cannot be exercised by the legislature. While a statute may indeed declare what judgments shall in future be subject to be vacated, or when or how or for what causes, it cannot apply retrospectively to a judgment already rendered and which had become final and unalterable by the court before its passage. Such an act would be unconstitutional and void on two grounds; first, because it would unlawfully impair the fixed and vested rights of the successful litigant; and second, because it would be an unwarranted invasion of the province of the judicial department.' "

Authorities cited and relied upon by applicant are clearly distinguishable upon the facts or character of legislation involved.

Whether or not the Act would be constitutional or applicable to situations incomparable with that presented in the case at bar we need not and do not discuss or decide.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.