## Riddell v. Hutchison et al.

*Furst, McCormick, Muir & Lynn*, for plaintiff.

*Marshall R. Anspach*, for Lycoming County Commissioners and J. Howard Ritter.

*Bidelspacher & Bidelspacher*, for Robert S. Hutchison.

PER CURIAM, September 21, 1949.—Plaintiff has brought this equity action against the Commissioners of Lycoming County and against Robert S. Hutchison, of Montoursville, Pa., asking the court to enter a decree setting aside, cancelling and annulling an assignment dated December 1, 1947, in which the Commissioners of Lycoming County were the assignors and Robert S. Hutchison the assignee, and asking that whatever cause or causes of action which were attempted to be assigned be revested in Lycoming County. Defendant Robert S. Hutchison, and the commissioners, have filed preliminary objections to the bill.

Defendant Robert S. Hutchison gives as his reasons for dismissing the bill that it does not state a cause of action; that the bill contains impertinent, irrelevant and scandalous matter because of the fact that plaintiff alleged a fraud upon the taxpayers of Lycoming County; that no facts are alleged on the face of the bill from which fraud can be inferred; that plaintiff is revealed by the statement as being guilty of laches; that plaintiff does not come into court with clean hands; that defendant was not properly served with the bill; and that plaintiff failed to make a proper kind of affidavit with respect to her bill.

The commissioners' objections are similar to those of defendant, Robert S. Hutchison.

The argument was heard by the court en banc.

From the pleadings it appears that Mary E. Riddell is a taxpayer in Lycoming County, that on June 8, 1942, the then Commissioners of Lycoming County purchased the mineral rights on warrant no. 4784 in the name of Miller and Murray, in McIntyre Township, Lycoming County, and that Lycoming County sold the mineral rights in the warrant by deed dated December 20, 1945, to Robert S. Hutchison. It further appears from the allegations that during the time Lycoming County owned the mineral rights in this warrant, Krimm Brothers Company, a fictitious name corporation, cut down and removed numerous beech, birch, and maple trees alleged to be the property of the mineral rights owner in the warrant, and alleged to be of great value.

It appears further from the bill that the commissioners assigned all of the county's right in damages, because of such timber cutting, on December 1, 1947, to Robert S. Hutchison for the sum of $1.

Does the bill in equity state a cause of action? The court is of the opinion that it does. The bill claims that the county commissioners assigned a valuable claim without consideration and that this assignment amounted to fraud.

Fraud may be actual or constructive. Constructive fraud is a breach of legal or equitable duty which, irrespective of moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests: Budd v. Board of Commissioners of St. Joseph County et al., 216 Ind. 35, 22 N. E. (2nd) 973.

Neither actual dishonesty of purpose or intention to deceive is an essential element of constructive fraud: Taxpayers' League of Wayne County et al. v. Wightman, 139 Neb. 212, 296 N. W. 886. Also see 37 C. J. S. 208, 209.

It appears from the pleadings, and from the claim of defendant for damages from Krimm Brothers Company, that the claim is a substantial one. It could be considered constructive fraud for the commissioners to sell this claim for $1.

It has been argued by defendant that the court should take judicial notice that the county acquired title to the land in question only for the purpose of collecting taxes and that these taxes have been collected in full. It is true that the county sells property to collect taxes. It is also true that any person trespassing on any property held by the county, causing damage, is liable for the same to the county.

The appellate courts of Pennsylvania have even held that when the county purchases lands for unpaid taxes, the commissioners hold this land in trust for all of the tax paying authorities: Zerbe Twp. School District et al. v. Thomas et al., 353 Pa. 162; Andrews Land Corporation's Appeal, 149 Pa. Superior Ct. 212; Erie Appeal, 159 Pa. Superior Ct. 18. This trusteeship in the county should put an added responsibility on the commissioners as to such property held in trust.

The question of the statute of limitations has been argued by all the parties involved. Defendant claims that the statute of limitations was about to expire with respect to claims of Lycoming County when the assignment was made on December 1, 1947.

Whether or not the statute of limitations is two years or six years makes little difference because the action brought by the defendant stopped the running of the statute. Equity court has power to decree defendant a trustee for the county.

Defendant argues that the bill contains impertinent, irrelevant and scandalous matter and argues that the scandalous matter is the allegation that said assignment was fraud upon the taxpayers of Lycoming County. We have already said that neither actual dis-

honesty of purpose nor intention to deceive is an essential element of constructive fraud. The argument that there is nothing on the face of plaintiff's bill to sustain fraud appears to be of no merit for if the claim of the county was valuable, the selling of the same to defendant for the nominal consideration of $1 can be considered as constructive fraud and a breach of trust.

We are of the opinion that in any event there has been no intention on the part of the commissioners to commit a fraud or wrong doing in making this assignment. Their intention, however, does not necessarily affect the legal status of the subject matter.

As to the argument that plaintiff has been guilty of laches, laches will not be imputed to plaintiff where no injury results to defendant by reason of delay: Harris et al. v. Susquehanna Collieries Co., 304 Pa. 550. Neither defendant nor county commissioners have suffered injury because of the delay of plaintiff. It is alleged that defendant paid only $1 for his claim. We fail to see how the county will suffer injury.

Defendant complains that plaintiff does not come into court with clean hands, and suggested that she is an employe for the law firm which is arguing her case, and that this law firm has probably begun the action at the instigation of Krimm Brothers Company. There seems to be nothing on the record to sustain this position.

We find little merit in the objections against the service. The parties are now in court. No person has been injured because of any defects in the service.

And now, September 21, 1949, the preliminary objections are dismissed, defendants are given 15 days to answer over, under penalty of having the bill taken pro confesso.